44081. POSEY et al. v. MEDICAL CENTER-WEST, INC.
(354 SE2d 417)

GREGORY, Justice.

This is a medical malpractice action against a hospital and two doctors who treated a child injured when struck by an automobile. The trial court granted summary judgment to the defendants on the ground that a general release was given by the child's parents to the automobile driver and her insurer thus also releasing the hospital and doctors. The Court of Appeals affirmed. *Posey v. Medical Center-West,* 180 Ga. App. 674 (350 SE2d 259) (1986). We granted certiorari to consider the impact of *Williams v. Physicians &c. Community*

*Hosp., Inc.*, 249 Ga. 588 (292 SE2d 705) (1982), on this case. We reverse.

The issue reached is whether to continue to follow the principle that a general release given to one joint tortfeasor releases all joint tortfeasors. We decide today not to follow that principle any longer.

The complaint filed in Douglas Superior Court alleged the plaintiff's eleven-year-old daughter was struck and seriously injured by an automobile on August 24, 1983. She was taken to defendant hospital by ambulance where she received medical treatment from defendant doctors. The complaint alleged the treatment was negligently rendered with death the proximate result.

Lengthy litigation followed the filing of the complaint in the trial court until summary judgment was granted the defendants. The basis was a general release executed by the parents on March 7, 1984. The trial court found the release discharged the driver of the automobile in particular and all other persons, firms or corporations from all claims arising from the accident. The release contained no express reservation of claims. There is no contention the medical defendants contributed to the consideration of $10,000 given in exchange for the release, nor that they in any way participated in or were even aware of the negotiations for and execution of the release.

The Court of Appeals reasoned that, notwithstanding the absence of concert of action between the driver of the car and the medical defendants, there was but a single indivisible injury, death, resulting from the alleged acts, and this rendered all the defendants joint tortfeasors. As the Court of Appeals correctly pointed out, the general proposition that the release of one joint tortfeasor operates to release all joint tortfeasors is of long standing in Georgia. *Donaldson v. Carmichael*, 102 Ga. 40 (29 SE 135) (1897). This court followed the rule as recently as 1985 in answer to a certified question. *Menendez v. Perishable Distributors*, 254 Ga. 300 (329 SE2d 149) (1985). The rule was stated by this writer even more recently. *Fulghum v. Kelly*, 255 Ga. 652 (340 SE2d 589) (1986).

There is a line of cases which distinguishes tortfeasors who act in concert to produce a single indivisible injury from successive tortfeasors who do not act in concert and who produce more or less (the cases are not precise) divisible injuries. In these cases the former tortfeasors are considered joint tortfeasors to whom the rule of general release applies while the latter are termed successive tortfeasors and are excepted from the rule. *Knight v. Lowery*, 228 Ga. 452 (185 SE2d 915) (1971). *Lowery* has lived a troubled life but is the rule today. *Mitchell v. Gilson*, 233 Ga. 453 (211 SE2d 744) (1975); *Maxey v. Hosp. Auth.*, 245 Ga .480 (265 SE2d 779) (1980); *Williams v. Physicians &c. Community Hosp., Inc.*, 249 Ga., supra. Our purpose is to go behind all these and other joint tortfeasor general release cases to

look at the rationale involved and adopt a new rule.

We envision several likely factual circumstances: (1) First is that in which tortfeasors A and B act in concert to produce a single indivisible injury we call X, to plaintiff C. An example is where A and B agree to race in their automobiles. In the course of the race they collide with and injure C. (2) Second, A and B act in concert to injure C but A produces injury Y and B produces injury Z which injuries are separate and distinct. An example of this is where A and B agree to attack C. A grabs C and holds him, injuring him in the process. B takes C's wallet. (3) Third, A's independent act combines with B's independent act to produce a single indivisible injury, X, to C. Here an example is where A and B are driving their respective automobiles negligently. A runs into C from one direction while B collides with him from another direction, the proximate result being C's death. (4) Fourth, A and B act independently. The actions do not combine, but nonetheless produce a single injury, X, to C. Example: A is the driver of a car who negligently injures C. B is a physician who negligently treats C's injury. C dies as a proximate result of both actions. (5) Fifth, A and B act independently, their acts do not combine, and A's act produces separate and distinct injury Y while the act of B produces separate and distinct injury Z to C. Example: A negligently injures C while in an entirely separate situation B steals his money.

The early common law considered concert of action essential to a joint tort.[1] Only the first and second circumstances above meet this requirement.[2] W. Prosser, Torts 322, § 46 (5th ed. 1984); 3 F. Harper, F. James, O. Gray, The Law of Torts 1, § 10.1 (2d ed. 1986). The example often given fits our second circumstance. It comes from the early case of *Smithson v. Garth and Others*, 3 Lev. 324, 83 Eng. Rep. 711 (1691). The action was trespass. Five persons attacked Smithson during the course of which he was imprisoned, battered, and two silver buttons were stolen. Various defendants admitted causing some but not all these several injuries to Smithson. The court resolved: ". . . the plaintiff having charged them jointly with the whole entire matter, if one of them committed the battery, another the imprisonment, another took the buttons, yet being all done at one time, they are all guilty of the whole, and shall be all charged with the whole damages. . . ." The English courts would not consider our third, fourth and fifth circumstances to represent joint tortfeasors due to the lack of concert of action.

It was the procedural device which came into our law allowing

---

[1] The issue is stated in terms of concert of action. Inaction, where a common duty exists, gives the same result. Harper, James and Gray, § 10.1.

[2] This discussion of joint tortfeasors is to be set apart from the procedural rules relating to a single suit against more than one tortfeasor. Prosser, § 47.

anyone who claims an interest contrary to plaintiff's interest to be named a defendant which has clouded the matter considerably. Prosser, supra, p. 325. Defendants illustrated in our third and fourth circumstances above are called joint tortfeasors because the procedure allows them to be joined but there is no concert of action and they do not fit within the definition of joint tortfeasors envisioned in the early cases. But we have come to consider all of the first four circumstances as representing joint tortfeasors for the purposes of the general release rule. The English cases did not take this view.

Next it is important to distinguish between a satisfaction and a release. "A satisfaction is an acceptance of full compensation for the injury; a release is a surrender of the cause of action, which may be gratuitous, or given for inadequate consideration." Prosser, supra, p. 332. The view of the early cases was that a single cause of action existed. If C in our first two circumstances released his cause of action to A the effect was to release B also because the single cause of action was gone from C. This would not be the case in circumstances three through five because there were separate causes of action against A and B. Alongside this was the rule that C was entitled to only one satisfaction and not to a double recovery. Once he had satisfaction he could proceed no further. As we have developed the rule of general release of joint tortfeasors the first four circumstances have been treated alike. Thus if any C releases either A or B he cannot proceed against the other even though he has not received satisfaction. There is no rational basis for such a rule. We no longer need be troubled by the concept of a single cause of action which can be released but once. Certainly, C ought to be allowed to release A without releasing B if that is his intention, at least until he has full satisfaction. The commentators are in support of the last stated proposition. Wigmore, 17 Ill. L. Rev. 563 (1923);[3] Prosser, supra, p. 332; 3 Harper, James and Gray, supra, p. 1.

In our view the restatement takes the best approach in cases

---

[3] "Our obnoxious old friend, that constant companion of personal injury cases, viz., the rule that a release to one of several joint-tortfeasors is a discharge to all, is receiving numerous hard knocks lately. He is already aged and infirm, being quite anachronistic; and it looks as though he would soon have to retire from active meddling in the affairs of men. . . .

"We shall not be sorry to end acquaintance with this old party, for he is merely a surviving relic of the Cokian period of metaphysics. He arrived at maturity, after a period of infantile uncertainty in Coke's time (*Claxton v. Swift* 2 Show. 494; *Walsh v. Bishop* Cro. Car. 39, 243). Crossing to this country at a fairly early date, his right to settlement was vigorously disputed; but he finally established himself pretty generally in the good graces of our supreme courts.

"Considering that personal injury cases have occupied our courts in large degree for sixty years past, and that in that field his offensiveness was most obvious and constant, it is singular that so long a time has elapsed before the movement to blackball this obnoxious old party has developed. . . ."

where all defendants are liable for a single indivisible injury. That rule, which we now adopt, is:

A valid release of one tortfeasor from liability for a harm, given by the injured person, does not discharge others for the same harm, unless it is agreed that it will discharge them. Restatement (Second) of Torts, § 885 (1) (1979).

We further add that the intent of the parties to the release regarding its effect may be proven by external evidence as against a third party. One not a party to the release may not object to the external evidence under the parol evidence rule. *Williams v. Physicians &c. Hosp., Inc.*, supra; Restatement (Second) of Torts, § 885, comment d (1979); 3 A. Corbin, Corbin on Contracts 572, § 596 (1960); 4 S. Williston, Williston on Contracts 1154, § 647 (3rd ed. 1961). We adhere to the principle that plaintiff is entitled to but one satisfaction.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 8, 1987 —
RECONSIDERATION DENIED APRIL 29, 1987.

*Carr, Tabb & Pope, W. Pitts Carr, J. Renee Kastanakis, Timothy W. Wolfe*, for appellants.

*Alston & Bird, Judson Graves, Drew, Eckl & Farnham, Samuel P. Pierce, Jr., Long, Weinberg, Ansley & Wheeler, Robert G. Tanner*, for appellee.