A91A0633. JACKSON v. DYCHES et al.
(407 SE2d 126)

POPE, Judge.

Earl Boatright and his wife suffered severe injuries when their automobile was struck by a vehicle driven by Joseph Morgan Jackson. Boatright's wife died as a result of her injuries. Boatright, individually and in his capacity as executor of his wife's estate, settled his claim against Jackson and signed a release in favor of Jackson, his agents, etc., "and all other persons. . . ." Boatright then filed a complaint for damages against defendants Don Dyches and Dyches Construction Company, alleging they were joint tortfeasors with Jackson. Defendants answered and defendant Don Dyches filed a third-party complaint against Jackson for contribution and indemnity for any damages plaintiff may recover from him. Both defendant Dyches and

third-party defendant Jackson filed a motion for summary judgment, arguing they had been released from liability by plaintiff Boatright's written release. Both motions were denied. Only third-party defendant Jackson appeals. We affirm.

Of course, the release precludes Boatright from filing a claim for damages against Jackson. The release in no way precludes defendant Dyches from bringing a claim against his alleged joint tortfeasor Jackson. Jackson, however, argues that defendant Dyches was also released by the plaintiff; he argues he cannot be brought in as a third party to the action because the action, itself, cannot be brought against Dyches.

This argument is contrary to the rule announced by the Georgia Supreme Court in *Posey v. Med. Center-West*, 257 Ga. 55, 59 (354 SE2d 417) (1987): "A valid release of one tortfeasor from liability for a harm, given by the injured person, does not discharge others for the same harm, unless it is agreed that it will discharge them. [Cit.] We further add that the intent of the parties to the release regarding its effect may be proven by external evidence as against a third party. . . . *Williams v. Physicians &c. Hosp., Inc.*, [249 Ga. 588 (292 SE2d 705) (1982)]." (Indention omitted.) In *Williams*, the Supreme Court held that the boilerplate language, "all other persons," when used in a release, does not serve to release a successive tortfeasor who is not named in the release, unless evidence shows the parties meant to include him. *Posey* extended the rationale of the *Williams* case, which involved successive tortfeasors, to cases involving joint tortfeasors. In this case, correspondence between the parties to the release shows the parties did not intend the release to apply to the alleged joint tortfeasor, Dyches. Thus, the reference to "all other persons" in the release did not operate to release Dyches. Plaintiff Boatright is not precluded by his written release of Jackson from bringing an action against Dyches. As noted above, neither does the release preclude Dyches from bringing a claim against his alleged joint tortfeasor, Jackson.[1]

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 25, 1991.

---

[1] Jackson could have protected himself from liability for such a claim, up to the amount of the settlement, by obtaining from Boatright a promise to indemnify him and hold him harmless from liability for claims by other parties arising out of the incident. Our holding does not preclude Jackson from seeking indemnity from Boatright, up to the amount of the settlement, in the event a judgment is entered against Jackson on the third-party complaint, though we do not mean to hold that Jackson would be entitled to such a recovery; no such claim is now before us.

*Brannen, Searcy & Smith, Joseph J. Berrigan, David R. Smith,* for appellant.
*Kent & Rackett, R. Nathaniel Rackett III, Branan & Brogdon, Wallace M. Brogdon, Jr.,* for appellees.