A91A0412. JOHNSON et al. v. RAATZ et al.
(407 SE2d 489)

SOGNIER, Chief Judge.

Robert and Brenda Johnson brought suit against Aaron and Patricia Raatz on a promissory note executed pursuant to an agreement for the sale of a business, and the defendants asserted a counterclaim for the balance owed to the lien creditor of a van conveyed to the

defendants as part of the sale. On cross motions for summary judgment, the trial court denied the plaintiffs' motion and granted the defendants' motion. The plaintiffs appeal.

The material facts are not in dispute. The parties entered into a "Contract for Sale and Purchase" (the "agreement") dated April 14, 1989, whereby appellants, the sole shareholders of the stock of East Metro Executive, Inc. (the "company"), as "Seller," agreed to transfer to appellees, as "Buyer," "free from all liabilities and encumbrances, [the company] including the goodwill . . . , and all other indicia of possession, furniture, equipment, merchandise and all other assets of the [company] . . . free and clear of any debts, mortgages or security interests except as stated herein." The contract provided for the purchase price of $32,000 to be paid in eight installments, with $6,000 due on April 14, 1989, the closing date, $6,000 due on July 14, 1989, and the remaining payments due on July 14th of the six succeeding years. The contract, which was prepared by appellee Aaron Raatz, also provided, inter alia, that "Seller warr[a]nts that there are no known or undisclosed liabilities of [the company] and [agrees] to hold the Buyer harmless from any known or undisclosed liabilities" (paragraph 12); that "[a]ny secured party holding a lien on any asset to be sold hereunder shall consent to Buyer assuming such lien and indebtedness within 10 business days" (paragraph 14); and that "Seller shall convey title to said assets by Bill of Sale Absolute giving good and marketable title" (paragraph 17).

A separate document dated May 3, 1989 and entitled "Inventory" was prepared pursuant to paragraph 4 of the agreement, which required an inventory of the items to be transferred to appellees in the sale. This document lists as an asset of the company a "1986 Plymouth Voyager Van" with a value of $10,000. It is undisputed that appellant Robert Johnson, not the company, had title to the van, and that it was subject to a security interest held by Chrysler Credit Corporation. The parties agree that this van was to be included in the assets sold to appellees. Johnson testified by affidavit that prior to the April 14 closing date, he disclosed to appellees the existence of the security interest in the van. He averred that during the negotiation period he visited several automobile dealerships with appellee Aaron Raatz because Raatz was interested in trading the van for a newer model, and that a trade-in proposal prepared for Raatz by one dealer reflected that a balance of $8,027 was owed to Chrysler Credit on the 1986 van.

On April 25, 1989, Robert Johnson executed a bill of sale providing that "in consideration of [the] payoff value to Chrysler Credit ($8003)," he transferred title to the 1986 van to Aaron Raatz "free from all [e]ncumbrances." Johnson averred that as part of this transaction he gave to appellees the coupon book used to make monthly

payments to Chrysler Credit. After execution of the agreement, appellees began paying to Chrysler Credit the monthly payments of $333.07 due on the van. When their July 1989 promissory note payment came due, appellees deducted from it the amount they had paid to date on the van. Appellants then filed suit to recover the amounts past due on the note, and appellees counterclaimed, asserting breach of the covenants obligating appellants to transfer the company assets free and clear of all encumbrances. The trial court held that appellees were entitled to the amount they had paid on the van obligation to date plus the amount of the remaining balance less the amounts they had withheld from the note payments.

In three enumerations of error, appellants contend that the trial court erred in its construction of the agreement and by finding that appellants breached the agreement so as to entitle appellees to recover on their setoff counterclaim. Appellants first contend a fact question remains whether the parties intended the van sale to be governed by the agreement or whether they made a separate contract for that transaction. Appellants base their arguments on the fact that on its face the agreement, which purported to transfer to appellees the assets of the company, does not appear to apply to the transfer of the van because the vehicle was owned by appellant Robert Johnson, not by the company. Nonetheless, a basic rule of contract construction is that we must " 'look to the substantial purpose which must be supposed to have influenced the minds of the parties, rather than at the details of making such purpose effectual.' [Cit.]" *Friedman v. Friedman*, 259 Ga. 530, 532-533 (3) (384 SE2d 641) (1989). "If the intention of the parties as of the time of executing the agreement [is] clear, it should be enforced, even though the parties disagree as to its meaning as of the time of the litigation." *Paul v. Paul*, 235 Ga. 382, 384 (219 SE2d 736) (1975). Contrary to appellants' arguments before this court, we find nothing in the record to suggest that either the parties' arrangement to transfer title of the van from Robert Johnson to Aaron Raatz or the bill of sale executed on April 25, 1989 constituted a separate transaction. Instead, the evidence clearly establishes that at the time the agreement was executed, the parties intended the van be included in the sale of the corporate assets, and that to effect this intention the bill of sale was executed as required by paragraph 17 of the agreement. Thus, given that the parties' intention at the time of execution of the agreement is clear, we will enforce that intention and interpret the agreement accordingly. OCGA § 13-2-3; see *Paul*, supra.

We disagree with appellants' contention that the applicable provisions of the agreement are ambiguous and must be construed against appellees, as we find them to be plain, unambiguous, and capable of only one reasonable interpretation, and consequently, no construction is required or even permitted. *Crooks v. Crim*, 159 Ga.

App. 745, 748 (285 SE2d 84) (1981). Applying the rules of contract interpretation that require us to look to the agreement as a whole and to give contract terms their usual signification, OCGA § 13-2-2 (2), (4), we find that the provisions applicable to the transfer of company assets obligated appellants to transfer those assets to appellees free of any encumbrances except for liabilities expressly defined in the agreement. The Chrysler Credit lien was not listed in the agreement as an exception to this requirement, and there is no evidence appellees assumed this obligation pursuant to the procedure outlined in paragraph 14. Moreover, paragraph 12 of the agreement required appellants to indemnify appellees from all liabilities, "known or unknown." Therefore, contrary to appellants' contentions, appellees' apparent prior knowledge of the lien is irrelevant. Additionally, appellants were further obligated to provide appellees with bills of sale transferring good and marketable title to company assets. Thus, appellants were required to transfer title to the van free of the lien held by Chrysler Credit.

Appellants did execute a bill of sale in compliance with this requirement, for the bill of sale transferring title to the van to appellees provided that title was conveyed free from all encumbrances. However, the undisputed evidence shows that appellants did not remove the Chrysler Credit lien. Accordingly, we agree with the trial court's conclusion that appellants breached their obligation to provide clear title to the van, and that appellees were entitled to judgment as a matter of law.

Although this issue was not expressly raised by either party, we are compelled to recognize that when a defendant claims a right to a deduction from the plaintiff's damages for breach of a cross obligation arising from the same contract, the proper remedy is recoupment, not setoff. OCGA §§ 13-7-2; 13-7-3; see Byrom v. Ringe, 83 Ga. App. 234, 241 (63 SE2d 235) (1951). In such a circumstance, "[i]f the damages of the defendant exceed those of the plaintiff, the defendant shall be awarded the amount of such excess from the plaintiff." OCGA § 13-7-13. The trial court obviously applied this principle in the order granting summary judgment to appellees, because the order provided that "[appellees] are entitled to a judgment for the total amount [they] have paid to Chrysler Credit and the total amount of pay-off still due to Chrysler Credit on the van, less the contract payments [appellees] have withheld from [appellants]." However, the record reveals that the judgment, which the trial court directed appellees' counsel to prepare, was not entered in accordance with this ruling. The judgment awarded appellees the entire amount outstanding on the lien at closing plus court costs without subtracting the outstanding arrearage on the note. Accordingly, we affirm the order on the parties' summary judgment motions, but vacate the judgment entered thereon and re-

mand the case for entry of judgment in accordance with this opinion.
*Judgment affirmed in part and vacated and case remanded in part. McMurray, P. J., and Andrews, J., concur.*

DECIDED JULY 2, 1991.

*Dawkins & Serio, Salvatore J. Serio, Donna M. Swilley*, for appellants.
*Lance & Associates, D. Suzanne Moon*, for appellees.