S91G1430. LACKEY v. McDOWELL.
(415 SE2d 902)

HUNT, Justice.

We granted certiorari to consider whether the Court of Appeals' holding, that the general release executed by one joint tortfeasor in this case released the other joint tortfeasor, is consistent with our decision in *Posey v. Med. Center-West,* 257 Ga. 55 (354 SE2d 417) (1987). *McDowell v. Lackey,* 200 Ga. App. 506 (408 SE2d 481) (1991). We hold that it is not and reverse.

Defendant McDowell's car slid off the road. Lackey, an EMT sent to the scene, was injured when a third party skidded into him. Lackey and his wife settled with the third party's insurance company, executing a "RELEASE OF ALL CLAIMS:"

> We . . . release and forever discharge [third party] and *any other person* . . . chargeable with responsibility or liability . . . from all claims . . . arising from any act or occurrence up to the present time, and particularly . . . an accident that occurred on or about the 24th day of February, 1989, at or near 5-16 south of Augusta Avenue.

(Emphasis supplied.) The Court of Appeals held that McDowell and the third party were joint tortfeasors and recognized that under *Posey:*

> "[a] valid release of one tortfeasor from liability for a harm, given by the injured person, does not discharge others from the same harm, *unless it is agreed that it will discharge them.*"

(Emphasis supplied.) *McDowell v. Lackey,* supra, 200 Ga. App. at 507, quoting *Posey v. Med. Center-West,* supra, 257 Ga. at 59. The

court nevertheless held that the release was clear and unambiguous on its face, that no construction was necessary, and that it could not consider any extrinsic evidence, and concluded the document operated to release any and all of Lackey's claims, including that against McDowell. Thus, the Court of Appeals reversed the trial court's denial of McDowell's motion for summary judgment.

In explaining the phrase, "unless it is agreed that it will discharge them," this court said in *Posey*:

> the intent of the parties to the release regarding its effect may be proven by external evidence as against a third party. One not a party to the release may not object to the external evidence under the parol evidence rule.

Id. at 59.[1] It follows that the Court of Appeals erred in ignoring this language from *Posey* and looking only within the four corners of the release.[2] *Jackson v. Dyches*, 200 Ga. App. 174, 175 (407 SE2d 126) (1991). Therefore, we must reverse the judgment of the Court of Appeals because the trial court's refusal to grant summary judgment to McDowell was appropriate under the *Posey* rule.

We take this opportunity to modify *Posey*, so as to provide a clearer rule: Only those parties *named* in the release will be discharged by that instrument.[3] This should eliminate the need to inquire as to the intent of the parties to releases executed after the date of this opinion.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 30, 1992.

*Friedman, Donalson & Phillips, Robert P. Phillips III, Todd A. Hall,* for appellant.

*Dennis, Corry, Porter & Thornton, R. Clay Porter, Linda M. Fitzgerald,* for appellee.

---

[1] "[P]arol evidence is always admissible against a stranger to the release. . . ." *Williams v. Physicians &c. Community Hosp.*, 249 Ga. 588, 589 (292 SE2d 705) (1982).

[2] While *Posey*, supra, and *Williams v. Physicians &c. Hosp.*, 249 Ga. 588, 589 (292 SE2d 705) (1982), involved successive tortfeasors, we made clear in *Posey* that the new rule was intended to apply to all of the hypothetical situations explicated in that opinion. *Posey*, supra at 57. Accord *Jackson v. Dyches*, 200 Ga. App. 174, 175, supra.

[3] By "named," we mean being identified either by proper name or such other description as leaves no question of the identity of the party released.