### A91A0997. McDOWELL v. LACKEY.
(419 SE2d 544)

Birdsong, Presiding Judge.

In *McDowell v. Lackey*, 200 Ga. App. 506 (408 SE2d 481), we looked solely at the four corners of the release contract to ascertain the parties' intent as to the scope of the release and thereafter concluded the trial court erred in failing to grant appellant's motion for summary judgment. In *Lackey v. McDowell*, 262 Ga. 185 (415 SE2d 902), the Supreme Court reversed the judgment of this court, concluding the trial court's refusal to grant summary judgment to McDowell was appropriate under the rule of *Posey v. Med. Center-West*,

257 Ga. 55 (354 SE2d 417). The Supreme Court also held this court erred by ignoring the language in *Posey* that "the intent of the parties to the release regarding its effect *may* be proven by external evidence" and by looking only within the four corners of the release. (Emphasis supplied.) Id. at 59. Moreover, based on a stated desire "to provide a clearer rule," the Supreme Court modified the *Posey* rule, effective the date of publication of its opinion in *Lackey v. McDowell*, supra, in the manner therein expressed.

Accordingly, our original judgment is vacated, the judgment of the Supreme Court is made the judgment of this court, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JUNE 1, 1992.

*Dennis, Corry, Porter & Thornton, R. Clay Porter, Linda C. Michel,* for appellant.

*Robert P. Phillips, Todd A. Hall,* for appellee.

The Supreme Court also noted that, as the trial which commenced on March 5, 1990, was a nullity, double jeopardy will not be an issue if the State elects to try this case again. Additionally, as said trial has been rendered a nullity, the alleged errors in that proceeding, addressed in Divisions 2 and 3 of our opinion, no longer constitute viable appellate issues; and this court does not render advisory opinions. Accordingly, our original judgment is vacated, the judgment of the Supreme Court is made the judgment of this court and the judgment of the trial court is hereby reversed.