A92A1542. KINSEY v. ELROD.
(425 SE2d 395)

COOPER, Judge.

In this personal injury case, appellant appeals a grant of summary judgment for appellee.

Appellant was injured in an automobile accident involving several vehicles. In October 1990, she signed an agreement releasing one of the drivers from liability in return for a payment of $4,500. Appellant then sued appellee, but appellee moved for summary judgment on the grounds that the release signed by appellant released not only the settling driver but also "any other person . . . charged with re-

sponsibility for injuries to [appellant]" as a result of the multi-vehicle accident, including appellee. In response to appellee's motion for summary judgment, appellant submitted the affidavit of her attorney stating that when the parties to the release negotiated that agreement they did not intend to release appellee and a letter from the settling driver's insurer. Although recognizing that extrinsic evidence of the parties' intent could be considered, the trial court ruled that the submitted affidavit and letter did not adequately show such intent and thus granted appellee's motion for summary judgment.

A release of one joint tortfeasor does *not* discharge others *"unless it is agreed that it will discharge them,"* and extrinsic evidence will be considered in determining whether the parties to the release agreed that other joint tortfeasors should be discharged. *Posey v. Medical Center-West*, 257 Ga. 55, 59 (354 SE2d 417) (1987). Moreover, boilerplate language in a release purporting to discharge any or all other persons "does *not* serve to release a [joint] tortfeasor who is not named in the release, *unless evidence shows the parties meant to include him."* (Emphasis supplied.) *Jackson v. Dyches*, 200 Ga. App. 174, 175 (407 SE2d 126) (1991). This language reflects a presumption against release of other joint tortfeasors and indicates that boilerplate language in the release purporting to discharge any or all others is not sufficient to overcome that presumption alone.[1] In a case involving an almost identical boilerplate clause the Supreme Court stated: "[W]e think that the party claiming coverage under the release should bear the burden of proof on that issue. '(T)he alleged wrongdoers, who are not parties to the release and have made no payments towards satisfaction of the plaintiff's injuries, may fairly be called upon to show that the release was intended to discharge them or that the plaintiff has received full compensation.' [Cit.]" *Williams v. Physicians &c. Hosp.*, 249 Ga. 588, 591 (292 SE2d 705) (1982). *"Posey* extended the rationale of the *Williams* case, which involved successive tortfeasors, to cases involving joint tortfeasors." *Jackson*, supra at 175. Accordingly, even if appellant's evidence of the parties' intent not to discharge appellee was insufficient or unacceptable, summary judgment was not appropriate because appellee — the moving party and the party with the burden of proof on the issue — presented nothing to show the release was intended to cover her other than the boilerplate language.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

---

[1] For releases executed after April 1992, the presumption against release of unnamed or unspecified joint tortfeasors is conclusive: *only* those parties named or otherwise specifically identified in the release are discharged. *Lackey v. McDowell*, 262 Ga. 185 (415 SE2d 902) (1992). Because the release in this case was executed prior to April 1992, we apply the law as it was before *Lackey*.

DECIDED NOVEMBER 19, 1992.

*Alfred L. Allgood,* for appellant.

*Blasingame, Burch, Garrard & Bryant, David S. Thomson,* for appellee.