A92A2228. OTIS ELEVATOR COMPANY v. TANNER.
A92A2229. PICKETT HOTEL COMPANY v. TANNER.
(430 SE2d 663)

BEASLEY, Presiding Judge.

The applications for interlocutory appeal of Otis Elevator Company and Pickett Hotel Company, defendants below, were granted to consider the denial of summary judgment to them based on a general release from plaintiff Tanner obtained by Pace Construction Corporation, originally a defendant below.

Tanner was an independent contractor for Bell-Mann, Inc., a carpet and tile installation firm. Pace, the prime contractor on the construction of a new Pickett Hotel, had subcontracted the carpet/tile work to Bell-Mann. On November 3, 1984, Tanner stepped into the fifth-floor elevator on the project on his way to get additional supplies for the job. The elevator had been manufactured by Esco Elevators and sold and installed by Otis. The elevator fell five stories, and Tanner was injured.

Tanner filed suit against Pickett, Otis, and Pace on June 22, 1985, eventually adding manufacturer Esco. On January 21, 1987, Tanner and his wife signed a General Release, which stated that, in consideration of the payment of $500, they "remised, released and forever discharged and by these presents, do . . . hereby remise, release, and forever discharge **Pace Construction Corporation** . . . and all other persons, firms, and corporations, of and from any and all claims, demands, rights, and causes of action, of whatsoever kind or nature, arising from or by reason of any and all known and unknown, foreseen and unforeseen bodily injuries, . . . resulting, and to result, from a certain accident which happened on or about the **3rd** day of **November 1984**. . . ." (Portions in bold type were typed onto the otherwise printed form.)

A dismissal with prejudice as to Pace was filed on February 10, 1987.

On April 8, 1987, *Posey v. Med. Center-West*, 257 Ga. 55 (354 SE2d 417) (1987) was issued. "The issue reached [was] whether to continue to follow the principle that a general release given to one joint tortfeasor releases all joint tortfeasors. [The Supreme Court decided] . . . not to follow that principle any longer. . . . A valid release of one tortfeasor from liability . . . does not discharge others for the same harm, unless it is agreed that it will discharge them. . . . One not a party to the release may not object to the external evidence [of intent] under the parol evidence rule." Id. at 56, 59.

On October 9, 1991, Pickett and Otis filed their motions for summary judgment in response to which plaintiffs filed the affidavit of their attorney who had negotiated with Pace, stating that there was no intent to release the other joint tortfeasors.

We hold that the rule in *Posey v. Med. Center-West*, supra, applies. That being the case, the General Release given to Pace Construction Corporation did not entitle Otis Elevator Company and Pickett Hotel Company to discharge from liability as a matter of law. The parol evidence (attorney affidavit) and the fact that only Pace was dismissed with prejudice after the release was signed, are admissible under *Posey* to show that the intent was to release *only* Pace.

Although under *Lackey v. McDowell*, 262 Ga. 185 (415 SE2d 902) (1992), not even the parol evidence would be needed to limit the reach of the release because on its face it did not name Otis or Pickett, that rule was expressly made only prospective by the Supreme Court. It ruled that the new "not named" rule "should eliminate the need to inquire as to the intent of the parties to releases executed after the date of this opinion." Id. at 186. The contrasting absence of such an expression in *Posey* is an indication of the Court's intention that the evidentiary rule of *Posey* apply retroactively, to releases signed before *Posey* was decided.

Moreover, the criteria for determining whether a court ruling is to be applied retroactively are met here. In general, court rulings apply retroactively. See *General Motors Corp. v. Rasmussen*, 255 Ga. 544, 545-546 (2) (340 SE2d 586) (1986). To ascertain whether a court decision applies, we must: "(1) Consider whether the decision to be applied nonretroactively established a new principle of law, either by overruling past precedent on which litigants relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. (2) Balance . . . the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective application would further or retard its operation. (3) Weigh the inequity imposed by retroactive application, for, if a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the injustice or hardship by a holding of nonretroactivity." *Flewellen v. Atlanta Cas. Co.*, 250

Ga. 709, 712 (3) (300 SE2d 673) (1983). See also *James B. Beam Distilling Co. v. State of Ga.*, 259 Ga. 363, 364-366 (2) (382 SE2d 95) (1989).

The rule in *Posey* rectified a harsh rule of construction imposed by common law, which rule precluded an acknowledgment of the true facts as established by the intent of the parties to the contract. Otis and Pickett cannot be said to have relied on the preexisting law or regulated their conduct by it, because they were not parties to the release given to Pace, may not even have known about it at the time it was negotiated, and did not provide any consideration for it. In addition, *Posey* should have come as no surprise, for in *Williams v. Physicians &c. Community Hosp.*, 249 Ga. 588, 590 (292 SE2d 705) (1982), the Court held that, "where a non-party to a general release claims coverage thereunder, parol evidence is admissible as an aid in explaining the intention of the parties to the release." *Williams* involved successive tortfeasors.

Secondly, retroactive application would best serve to accomplish the purpose of *Posey*, which was to allow the legal effect of the release to be as it was intended to be by the parties to it. It allows parol evidence " 'to ascertain the true intention of the parties (to the release) with regard to those persons who were to be bound or covered by the release.' (Cit.)" *Williams*, supra at 591.

Third, there is no inequity resulting to Otis and Pickett, for they placed no reliance on the release, such as altering their positions or taking any action based on it. Instead, they would simply be avoiding liability, not on the merits or on settlement with the injured party, but because of the injured party's settlement with a third party as to its liability, the true meaning of which could not be inquired into.

"When no vested right will be adversely affected, we are required to apply the law prevailing at the time of our decision . . . ." *Evans v. Belth*, 193 Ga. App. 757, 759 (388 SE2d 914) (1989). Neither Otis nor Pickett had a vested right in the evidentiary bar. As said in *Eig v. Savage*, 177 Ga. App. 514, 516 (339 SE2d 752) (1986): "An individual can have no vested right in a current state of the law which is subject to change, either by the legislature or the courts, without some act in reliance upon that law. [Cits.]" When they raised the release as a bar, the bar no longer existed due to the holding in *Posey*, which was in keeping with the court's then-best understanding of the law.

*Kinsey v. Elrod*, 206 Ga. App. 375 (425 SE2d 395) (1992), does not hold that the determinative time for rule application is when the release is signed. It involved a release signed after *Posey* but before *Lackey*, supra. The footnote merely states that "[b]ecause the release in this [*Kinsey*] case was executed prior to April 1992, we apply the law as it was before *Lackey*." That does not mean that, had the release been signed before *Posey*, the rule of *Posey* would not have ap-

plied.

The trial court correctly denied summary judgment to defendants Otis and Pickett.

*Judgments affirmed. Pope, C. J., McMurray, P. J., Cooper, Johnson and Blackburn, JJ., concur. Andrews, J., dissents. Birdsong, P. J., not participating.*

ANDREWS, Judge, dissenting.

Because I believe that the release is controlled by pre-*Posey* authority and effected the release of Otis and Pickett, I respectfully dissent.

Tanner filed suit against Pickett, Otis, and Pace on June 22, 1985, eventually adding manufacturer Esco. On January 21, 1987, Tanner and his wife signed a General Release, which stated that, in consideration of the payment of $500, they "remised, released and forever discharged and by these presents, do . . . hereby remise, release, and forever discharge **Pace Construction Corporation** . . . and all other persons, firms, and corporations, of and from any and all claims, demands, rights, and causes of action, of whatsoever kind or nature, arising from or by reason of any and all known and unknown, foreseen and unforeseen bodily injuries, . . . resulting, and to result, from a certain accident which happened on or about the **3rd** day of **November 1984.** . . ." (Portions in bold type were typed onto the otherwise printed form.)

A dismissal with prejudice as to Pace was filed on February 10, 1987.

On April 8, 1987, *Posey v. Med. Center-West*, 257 Ga. 55 (354 SE2d 417) (1987) was issued. "The issue reached [was] whether to continue to follow the principle that a general release given to one joint tortfeasor releases all joint tortfeasors. We decide . . . not to follow that principle any longer. . . . A valid release of one tortfeasor from liability . . . does not discharge others for the same harm, unless it is agreed that it will discharge them. . . . One not a party to the release may not object to the external evidence [of intent] under the parol evidence rule." Id. at 56, 59.

On October 9, 1991, Pickett and Otis filed their motions for summary judgment in response to which plaintiffs filed the affidavit of their attorney who had negotiated with Pace, stating that there was no intent to release the other joint tortfeasors. This affidavit was admissible under *Posey* on the issue of intent in a joint tortfeasor general release situation, but had not been admissible as to joint tortfeasors prior thereto. Compare *Williams v. Physicians &c. Community Hosp.*, 249 Ga. 588, 590 (292 SE2d 705) (1982) (successive tortfeasors, parol evidence admissible) with *Thomaston v. Fort Wayne Pools*, 181 Ga. App. 541 (1) (352 SE2d 794) (issued January 5,

1987) (joint tortfeasors, parol evidence inadmissible). In *Knight v. Lowery*, 228 Ga. 452 (185 SE2d 915) (1971), successive tortfeasors were involved and the court reiterated the rule regarding joint tortfeasors: "This court long ago ruled that a release executed in favor of one joint tortfeasor, in full settlement of damages, acts also as a release in favor of all other joint tortfeasors. *Donaldson v. Carmichael*, 102 Ga. 40 (29 SE 135)." *Knight* at 455. The second division of *Knight* held that, with regard to successive tortfeasors only, "parol evidence may be admitted in favor of or against a stranger to a release to ascertain the true intention of the parties with regard to those persons who were to be bound or covered by the release." That second division as to the admissibility of parol evidence was overruled in *Maxey v. Hosp. Auth. of Gwinnett County*, 245 Ga. 480 (265 SE2d 779) (1980), again specifically related only to successive tortfeasors. "We today overrule *Knight v. Lowery*, supra, insofar as it holds that parol evidence is admissible to explain a release 'against all the world.' The release here of 'all other persons, firms, and corporations, of and from any and all claims, demands, rights, and causes of action . . . resulting, and to result, from a certain accident which happened on or about the 7th day of January, 1977, . . .' is clear and unambiguous. With the overruling of *Knight v. Lowery*, supra, *parol evidence is not admissible to vary the terms of the release.*" (Emphasis supplied.) *Maxey*, supra at 482. As acknowledged in fn. 1 of *Williams v. Physicians &c. Community Hosp.*, supra at 589, the rule prohibiting parol evidence so as to vary the terms of a general release in a joint tortfeasor situation remained viable in 1982 when *Williams* issued, even though *Williams* reversed that rule with regard to successive tortfeasors. *Williams*, 249 Ga. at 590.

On April 30, 1992, *Lackey v. McDowell*, 262 Ga. 185 (415 SE2d 902) (1992), issued, modifying *Posey* "so as to provide a clearer rule: Only those parties *named* in the release will be discharged by that instrument. [fn. 3, By 'named,' we mean being identified either by proper name or such other description as leaves no question of the identity of the party released.] This should eliminate the need to inquire as to the intent of the parties to releases executed after the date of this opinion." *Lackey* at 186.

The parol evidence rule, embodied in OCGA § 13-2-2 (1), in the context of unambiguous language within the four corners of the document, is again fully empowered. *American Cyanamid Co. v. Ring*, 248 Ga. 673, 674 (286 SE2d 1) (1982).

"[OCGA § 13-2-3] provides: 'The cardinal rule of construction [of a contract] is to ascertain the intentions of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction.' *If the intention*

*of the parties as of the time of the executing of the agreement be clear, it should be enforced, even though the parties disagree as to its meaning as of the time of litigation.*" (Emphasis supplied.) *Paul v. Paul*, 235 Ga. 382, 384 (219 SE2d 736) (1975); *Tidwell v. Carroll Builders*, 251 Ga. 415, 417 (1) (306 SE2d 279) (1983); *Johnson v. Raatz*, 200 Ga. App. 289, 291 (407 SE2d 489) (1991); see *Kinsey v. Elrod*, 206 Ga. App. 375, fn. 1 (425 SE2d 395) (1992).

What is clear is that, in January 1987, when the Tanners signed the release at issue here, a general release of one joint tortfeasor released all and parol evidence was not admissible to vary the terms of the written document. Therefore, I believe the court below erred in denying summary judgment to Otis and Pickett. *Kahn v. Columbus Mills*, 188 Ga. App. 90, 91 (1) (371 SE2d 908) (1988); *Thomaston*, supra.

DECIDED MARCH 19, 1993 —
RECONSIDERATIONS DENIED APRIL 2, 1993 

*Long, Weinberg, Ansley & Wheeler, M. Diane Owens, Carlton E. Joyce*, for appellant (case no. A92A2228).
*Carter & Ansley, Tommy T. Holland, Christopher N. Shuman*, for appellant (case no. A92A2229).
*Cobb & Walton, James B. Walton*, for appellee.