Woon OH, Individually and as Administrator of the Estate of Samuel Oh, his deceased son; and Choonee Kim, Individually and as Mother of Samuel Oh, her deceased son, Plaintiffs,

v.

FORD MOTOR COMPANY and Eun Shin Cho, d/b/a Kids and Kids Academy, d/b/a Sae Sak Education Center, Defendants.

No. CIV.A. 1:99CV2610TWT.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 27, 1999.

Yehuda Smolar, James Ian Seifter, Smolar Roseman Brantley & Seifter, Atlanta, GA, for Woon Oh, Choonhee Kim.

Charles Kyle Reed, Frank Faison Middleton, IV, Cabaniss McDonald Smith & Wiggins, Atlanta, GA, for Ford Motor Company.

Matthew Francis McGahren, Baum & McGahren, Norcross, GA, for Eun Shin cho.

## ORDER

THRASH, District Judge.

This is a wrongful death action that was originally filed in the State Court of Fulton County. It is before the Court on the Plaintiffs' Motion to Remand [Doc. 5].

### I. BACKGROUND

Plaintiffs allege that their three year old son died after he was left in a locked Ford van owned by First Korean Presbyterian Church. Plaintiffs allege that their son died of hyperthermia due to the sweltering heat and lack of ventilation in the van. The original Defendants in the action were Eun Shin Cho and Kids Academy. Ms. Cho was allegedly responsible for supervision of the child at the time of his death. State Farm Mutual Auto Insurance Company issued a liability insurance policy covering the van. State Farm's policy limit for liability coverage was $100,000. The van was also arguably covered under an excess policy issued by Church Mutual Insurance Company with liability limits of $1,000,000. In July,1999, the Plaintiffs entered into a settlement with Church Mutual in the amount of $500,000. In reliance upon *Posey v. Medical Center–West, Inc.*, 257 Ga. 55, 354 S.E.2d 417 (1987), the settlement agreement provided that Plaintiffs reserved their rights to assert claims against third parties. Plaintiffs also entered into a high-low agreement with State

Farm. Pursuant to this agreement, State Farm paid the Plaintiffs $50,000. Plaintiffs released State Farm and its insureds except for Ms. Cho. Plaintiffs reserved the right to proceed against Ms. Cho to the extent of the remaining coverage of State Farm. The agreement further provided that the Plaintiffs would not receive anything additional from State Farm in the event that the jury returned a verdict in favor of Ms. Cho or a verdict in favor of the Plaintiffs equal to or less than $550,-000. In the event of a verdict against Ms. Cho of $600,000 or greater, Plaintiffs would receive the remaining $50,000 of coverage.

After the settlements with State Farm and Church Mutual, Plaintiffs filed an Amended Complaint that added Ford Motor Company as a Defendant. In the Amended Complaint, the Plaintiffs alleged that the Ford van was defective because it did not have an adequate ventilation and/or air conditioning system to prevent occupants of the vehicle from being exposed to excessive heat. After it was served with the Amended Complaint, Ford removed the action to this Court. In its Notice of Removal, Ford alleged that the agreement between Plaintiffs and State Farm is a fraudulent device to prevent removal by Ford. Plaintiffs then filed the Motion to Remand [Doc. 5] now under consideration.

## II. *DISCUSSION*

This case presents several novel issues regarding removal jurisdiction. An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction. 28 U.S.C. § 1441(a), (b). At issue in this case is removal based upon diversity. Ford contends that Ms. Cho's Georgia citizenship (at the time the original Complaint was filed) should be disregarded for determining diversity because of her fraudulent joinder. "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resi-

dent defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir.1998) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)). "The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Id.* "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Id.*

Following the mandate of the Eleventh Circuit in *Pacheco de Perez,* the Court will evaluate the factual allegations in the light most favorable to the Plaintiffs and resolve any uncertainties about the applicable law in the Plaintiffs' favor. In that light, it appears that there is a real claim against Defendant Cho which defeats this Court's diversity jurisdiction. Plaintiffs stand to lose more than a nominal amount if they proceed to trial and obtain either a verdict in favor of Cho or a verdict of $550,000 or less. In either event, Plaintiffs will lose half of State Farm's coverage. This is not a case such as *Fortier v. State Farm Mutual Automobile Ins. Co.* 1999 WL 717638 (E.D.La.1999), where the Plaintiff has no claim remaining against the released Defendants and nothing to gain or lose by keeping them in the case. The fact that State Farm has tendered its limits does not change the analysis. Plaintiffs have the right to accept or not accept a settlement offer. The Court is unaware of any authority holding that the existence of a settlement offer (even policy limits) converts a legitimate defendant into a fraudulently joined defendant.

Alternatively, Ford contends that the Plaintiffs have fraudulently pled jurisdictional facts to bring the resident Defendant into state court. It is undisputed that Ms. Cho was a resident of Georgia at

the time the action was originally filed. She later moved to California. She testified to her non-residency in her deposition that was taken several months before the filing of the Amended Complaint that named Ford as a Defendant. Notwithstanding their knowledge that Ms. Cho had left Georgia, the Amended Complaint alleges that Ms. Cho is a resident of Fulton County, Georgia. In response to Ford's argument, Plaintiffs rely upon the well established line of cases holding that "jurisdiction, once attached, is not impaired by a party's later change of domicile." *Smith v. Sperling,* 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). *See also American Foundation, Inc. v. Mountain Lake Corp.,* 454 F.2d 200, 202 (5th Cir.1972) (diversity of citizenship is to be determined according to facts as they existed at time of institution of lawsuit); *Mann v. City of Tucson, Dept. of Police,* 782 F.2d 790, 794 (9th Cir.1986) (existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced); *Prakash v. American Univ.,* 727 F.2d 1174, 1179 n. 28 (D.C.Cir. 1984); *Hill v. Rolleri,* 615 F.2d 886, 889 (9th Cir.1980). The Fifth Circuit has commented on the rule as follows:

> The rule appears to be based on the same concern for certainty that lies behind the companion rule that a change of citizenship occurring after the filing of the complaint will not divest the federal court of jurisdiction. Certainty is also served by not allowing an event, whether a change in citizenship or the issuance of a state court order, occurring during the pendency of the suit to create jurisdiction; the parties and judge would encounter uncertainty in determining the existence of jurisdiction when crucial facts could change. Thus federal jurisdiction must be determined under the facts as of the date of the filing of the complaint.

*Gresham Park Community Org. v. Howell,* 652 F.2d 1227, 1236 n. 25 (5th Cir.1981) (citations omitted). "Whether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced." C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3608. "A corollary of the general rule that diversity is determined as of commencement is that if diversity of citizenship did not exist when the action was commenced, it cannot be created by a later change of domicile by one of the parties or some other event." *Id.*

Ford has cited no authority for its argument that, in this case, diversity should be determined when it was added as a defendant by the filing of the Amended Complaint. Removal is disruptive of ongoing state court proceedings, and the traditional rule has the benefit of simplicity and avoidance of repeated challenges to state court jurisdiction. *Id.* Ford has offered no compelling policy reasons to depart from the well established rule that diversity is determined based on the citizenship of the parties at the time the Complaint is filed. Counsel may have violated Rule 11 by filing the Amended Complaint with the allegation of Georgia residence on the part of Ms. Cho. Nevertheless, a Rule 11 violation cannot confer jurisdiction that does not otherwise exist. Based on the citizenship of the parties at the time the Complaint was filed, there is no diversity jurisdiction.

## III. *CONCLUSION*

For the reasons set forth above, the Motion to Remand [Doc. 5] is GRANTED. The Clerk is directed to remand this case to the State Court of Fulton County.