PARKER, GREGORY S., Associate Judge.
In this medical malpractice case, Appellants, Theresa and Wilbert Berrios, appeal from the entry of summary judgment in favor of Appellees, Orlando Regional Healthcare System, Inc., d/b/a South Seminole Hospital (“Seminole Hospital”), and John/Jane Doe, Nurse(s). The trial court found that by executing a release with an initial tortfeasor, Appellants also relinquished all claims against Appellees for their alleged subsequent tort. The subject release was executed in Georgia pursuant to the settlement of a case filed in Georgia. Applying Georgia law, we conclude that the trial court erred in granting Appellees’ motion for summary judgment.
The underlying facts of this case are not in dispute. In late December 2007, Appellants traveled from their Florida residence to Georgia and stayed at the Dillard House Inn (the “Inn”). While a guest at the Inn, Mrs. Berrios was exposed to the Legionel-la pneumophila bacteria, which manifested into Legionnaires’ disease shortly after the couple returned home. Mrs. Berrios admitted herself to Seminole Hospital where she spent fourteen days, the majority of which was in a drug-induced coma. Appellants allege that during this fourteen-day stay at Seminole Hospital, Appel-lees negligently caused permanent nerve damage to Mrs. Berrios’ right leg.
In December 2009, Appellants filed a complaint in the United States District Court for the Northern District of Georgia, alleging various causes of action against the Inn, its owner, and five unknown agents of the Inn. Appellees were not named in the complaint. Appellants ultimately settled the suit by entering into a settlement agreement with the Inn’s insurer. As part of the settlement, Appellants executed a General Release and Affidavit (the “Release”). The Release, which was executed in Georgia, provides that Appellants:
do hereby release, remise and forever discharge [the Inn], John P. Dillard, Sr., Louise Dillard, Chalet Village Partnership, LLC, Chalet Village Partnership and Nationwide Mutual Insurance Company, their successors and assigns, heirs, executors, administrators, insurers, attorneys, (“Releasees”), of and from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily *130 and personal injuries, damages to property, and the consequences thereof, resulting and to result, from a certain incident which happened on or about the 26th or 27th day of December, 2007, at or near Dillard, Georgia, for which we have claimed the said Releasees to be legally liable, which liability we acknowledge has been expressly denied.
Thereafter, Appellants filed the instant action in the Seminole County Circuit Court against Appellees, alleging various acts of negligence that led to the injury to Mrs. Berrios’ right leg.
Because a release is a contract, it must be interpreted according to principles of contract law. Churchville v. GACS Inc., 973 So.2d 1212, 1215 (Fla. 1st DCA 2008); see Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985) (“Settlements, of course, are governed by the rules of interpretation of contracts.”). Generally, Florida follows the “significant-relationships” test from the Restatement (Second) of Conflict of Laws § 145 (1971), when determining the applicable law in tort cases. Dep’t of Corr. v. McGhee, 653 So.2d 1091, 1092 (Fla. 1st DCA 1995). When determining the validity, nature, and interpretation of a contract, however, Florida adheres to the rule of lex loci contractus— applying the law of the state or country where the contract is executed. Goodman v. Olsen, 305 So.2d 753, 754-55 (Fla.1974); see Sturiano v. Brooks, 523 So.2d 1126, 1130-31 (Fla.1988) (recognizing trend towards significant-relationships test, but applying inflexible rule of lex loci contractus because parties have right to know what their agreement provides). Here, the substantive issue is the legal effect of the Release; thus, Georgia law applies.
In Georgia, the legal presumption is that the release of an initial tortfea-sor does not release a subsequent tortfea-sor unless the express language of the release dictates otherwise. Lackey v. McDowell, 262 Ga. 185, 415 S.E.2d 902, 903 (1992) (“Only those parties named in the release will be discharged by that instrument. This should eliminate the need to inquire as to the intent of the parties to releases executed after the date of this opinion.”), modifying Posey v. Med. Ctr.W., Inc., 257 Ga. 55, 354 S.E.2d 417, 420 (1987) (allowing introduction of parol evidence against strangers to release to prove intent); see, e.g., Williams v. Physicians & Surgeons Cmty. Hosp., Inc., 249 Ga. 588, 292 S.E.2d 705, 708 (1982) (“Unless a [successive tortfeasor] is specifically named or identified in a release, he is presumed not to be covered by the release. The burden of proving coverage under the release is on the party asserting that he is covered by the release.”).
Appellees contend that applying Georgia law would result in double recovery because Appellants have recovered full satisfaction for Mrs. Berrios’ injuries.[1] However, under Georgia law, Appellants have not recovered for Mrs. Berrios’ subsequent injury. A “release” is different than a “satisfaction” in that a “satisfaction is an acceptance of full compensation for the injury; a release is a surrender of the cause of action, which may be gratuitous, or given for inadequate consideration.” W. Page Keeton, et al., Prosser and Kee-ton on the Law of Torts § 49 at 332 (5th ed. 1984); Posey, 354 S.E.2d at 419. Here, there is no mention of full satisfac *131 tion for Mrs. Berrios’ injuries in the Release, only a release of claims against the releasees. See, e.g., Oconee Reg’l Med. Ctr. v. Haygood, 217 Ga.App. 600, 458 S.E.2d 400 (1995) (holding that release did not release joint tortfeasor not named therein, especially because there was no indication parties intended payment to be full compensation and satisfaction for all injuries).
The trial court should have applied the Georgia presumption, set out in Lackey, that Appellants’ claims against Appellees were not released because Appellants did not name Appellees in the Release.
Accordingly, we reverse the final summary judgment and remand for further proceedings.
REVERSED and REMANDED.
EVANDER, J., concurs.
HARRIS, C.M., Senior Judge, dissents, with opinion.

. Florida courts have recognized a narrow exception to lex loci contractus, when it is necessary for the protection of Florida citizens and application of a foreign jurisdiction's law would be adverse to a paramount rule of Florida public policy. State Farm Mut. Auto. Ins. Co. v. Roach, 945 So.2d 1160, 1165 (Fla.2006); Lincoln Nat’l Health & Cas. Ins. Co. v. Mitsubishi Motor Sales of Am., Inc., 666 So.2d 159, 161 (Fla. 5th DCA 1995).