61972. WHITMIRE et al v. COLWELL.

BANKE, Judge.

This is an appeal by the tenants from an order granting judgment on the pleadings to the landlord in a dispossessory action. In his affidavit, the landlord alleged that the tenants were in possession as tenants at sufferance. The tenants denied this allegation and asserted that they were in possession under a 5-year

lease, a copy of which was attached as an exhibit to one of the answers. Although the original term of this lease has expired, the tenants contend that the term was extended for an additional five years by their continued occupancy and by the landlord's continued acceptance of rent.

There is no dispute as to the language of the lease. Paragraph 21 provides: "Lessor does hereby grant to lessee the right, privilege, and option to extend this lease for a period of five (5) years from the date of the expiration hereof, upon the same terms and conditions as prior to the expiration of the term hereof." The manner of exercising this option is not specified. Paragraph 7 provides: "In the event lessee continues to occupy the premises after the last day of the term hereby created, or after the last day of any extension of said term, and the lessor elects to accept rent thereafter, a tenancy from month to month only shall be created and not for any longer period." *Held:*

Paragraph 7 is clearly inconsistent with the appellants' assertion that they were not required to provide notice of their intention to exercise the option. The cases cited by the appellants for the proposition that an option to extend a lease, as opposed to an option to renew, may be exercised merely by continuing in possession beyond the original term are inapposite in that there is no indication that the leases involved in those cases contained a provision such as paragraph 7. See *Hamby & Toomer v. Ga. Iron & Coal Co.,* 127 Ga. 792 (1) (c), 802 (56 SE 1033) (1906); *Citizens Oil Co. v. Head,* 201 Ga. 542 (2) (40 SE2d 559) (1946). We can adopt the appellants' position in this case only by rejecting this provision as meaningless and of no effect. However, the law requires that in interpreting a contract, we "give a reasonable, lawful and effective meaning to all manifestations of intention by the parties rather than an interpretation which leaves a part of such manifestations unreasonable or of no effect. Restatement, Contracts, p. 327, § 236 (a); 3 Corbin, Contracts, p. 170 § 546." *Central Ga. EMC v. Ga. Pr. Co.,* 217 Ga. 171, 173 (121 SE2d 644) (1961). See also Code § 20-704 (4); 6 Ency. Ga. Law, Contracts § 67, p. 109 (1978 Ed.). We accordingly hold that the appellants were required to take some action prior to the expiration of the original term of the lease to place the appellee on notice of their intention to exercise the option. Cf. *Pritchett v. King,* 56 Ga. App. 788 (3) (194 SE 44) (1937). Consequently, the trial court's order granting judgment on the pleadings is not in error for the reason assigned in the appellant's brief and enumerations of error.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1981 —
REHEARING DENIED SEPTEMBER 24, 1981

*Richard T. Bridges, John R. Grimes,* for appellants.
*Truitt A. Mallory,* for appellee.