## 64329. AETNA CASUALTY & SURETY COMPANY, INC. v. W. G. LOTHRIDGE CONTRACTING COMPANY, INC.

SHULMAN, Presiding Judge.

Appellant brought suit seeking to recover on an open account for insurance provided by appellant to appellee from August 1, 1975, to July 19, 1976. Appellee moved for and was awarded summary judgment based upon a mutual release executed by appellant, appellee, and seven other parties. The release was executed on December 1, 1980, and arose from the settlement of a lawsuit brought by appellee against appellant over a disputed highway construction contract. The release provided: "It is hereby agreed that First Parties [one of which was appellant], jointly and severally, hereby release Second Parties [one of which was appellee] and Second Parties, jointly and severally, hereby release First Parties from any and all past, present and future actions, causes of action, claims, demands, damages, costs, expenses, and suits at law or in equity, of whatever nature, now existing or hereafter arising, growing out of any and all contractual relationships, notes, guaranties, indemnities, endorsements, accounts or otherwise, including all claims and causes of action that have been asserted or could have been asserted in the [previous lawsuit between appellant and appellee]."

The sole issue presented on appeal is whether the trial court properly granted summary judgment to appellee based upon the release. Appellant argues that the release arose solely and exclusively from the construction contract dispute and that the parties did not intend for the release to apply to appellant's claims arising from insurance provided to appellee, despite the clear and express language of the release. We disagree with appellant's contention that this court can look beyond the clear and express language of the release contract. "The instrument under consideration is a fully integrated document, unambiguous upon its face, and under the usual rules of contract construction cannot be rendered ambiguous by ... extraneous circumstances." *Ira H. Hardin Co. v. Martin Assoc.,* 147 Ga. App. 49, 51 (248 SE2d 41); Code Ann. § 20-704 (1). The release contract clearly went to any and all claims, including those arising from contracts and accounts. It was executed long after the obligations being sued upon in this case were allegedly incurred. The release does, of course, specifically refer to those claims asserted in the prior action, but it does not purport to, and expressly does not, limit itself to those claims. Accordingly, the trial court was obligated to construe the release (Code Ann. § 20-701) and give effect to its clear and unambiguous terms. *Prince v. Prince,* 147 Ga. App. 686, 688 (250 SE2d 21). The trial court properly granted appellee's motion for

summary judgment.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED OCTOBER 4, 1982.

*James A. Glenn, Jr.,* for appellant.
*Norman Estes Smith,* for appellee.