44663, 44664. HEALTH SERVICE CENTERS, INC. v. BODDY; and vice versa.
(359 SE2d 659)

GREGORY, Justice.

Health Service Centers, Inc. (HSC) is in the business of operating nursing homes. In mid-1980 HSC began negotiating with Evan Boddy, owner of the nursing home involved in this litigation, to lease the nursing home from Boddy. On July 29, 1980, the parties entered into an "Agreement to Lease and Option." This agreement provided that HSC would use its best efforts to help Boddy obtain a loan in the amount of $150,000; in consideration for this loan Boddy agreed to "execute such agreements as necessary to secure the loan." The agreement provided that Boddy would cause his management corporation to enter into a management agreement with HSC whereby HSC would undertake to manage the home; that the parties would execute a lease agreement whereby HSC would lease the home for a period not less than 10 years at the highest rental rate which the Department of Medical Assistance would approve; and that "HSC . . . will have the option to purchase all of the assets constituting the [home] including, but not limited to the real property described on Exhibit "A" hereto, which option shall extend for a period of five years after the $150,000 loan . . . is tendered, at a purchase price, payable in cash, less applicable indebtedness, or such other terms as may be agreed between the parties, which price shall be fair market value at the time of purchase as determined by an appraisal which is acceptable to the Georgia Department of Medical Assistance for the purposes of reimbursement under the Georgia Medicaid Program, but not less than $1,350,000 less applicable indebtedness."

Paragraph five of this agreement provided, "It is contemplated that the parties will execute definitive agreements, namely *a lease, option to purchase and management agreement,* together with such documents and instruments as may be necessary to reflect the $150,000 loan or advance. HSC shall have 10 days within which to provide the $150,000 loan or advance. Upon the tender of such amount by or on behalf of HSC, the five year option to purchase shall commence." (Emphasis supplied.)

On August 8, 1980, HSC tendered $150,000 to Boddy. Simultaneously the parties entered into a number of agreements, including a "Long Term Care Facility Management Agreement"; an "Agreement to Lease"; and a "Lease Agreement." Paragraph two of the Lease Agreement provided that the term of the lease would be 10 years.

Paragraph twenty-five of the Lease Agreement provided that the lease shall create a usufruct only. It further provided that "during the term of this lease, prior to any sale of the leased premises . . . [Boddy] shall give [HSC] written notice specifying the specific terms on which it will sell the leased premises . . . whether resulting from an offer to purchase the leased premises . . . received by [Boddy] or otherwise, and [HSC] shall have 30 days within which to purchase the leased premises . . . on the same terms and conditions as set forth in such written notice. Upon [HSC's] failure to purchase the leased premises . . . within 30 days, [Boddy] shall be free to sell the leased premises . . . but if [Boddy] does not sell the leased premises . . . within 90 days after so notifying [HSC], then [HSC] shall again have the right to receive notice of any contemplated sale of the leased premises . . . and to purchase the same."

Paragraph twenty-seven of the Lease Agreement provided, "This lease contains the entire agreement between the parties and supercedes all prior discussions and agreements between the parties. Any such prior agreements shall, from and after the date hereof, be null and void."

It is undisputed that the parties did not negotiate further or enter into an additional agreement concerning the option to purchase.

On February 20, 1985, HSC attempted to exercise the option to purchase the nursing home under the terms provided in the July 29, 1980 agreement. On March 19, 1985 Jupiter Hospital Corporation entered into a contract with Boddy whereby Boddy gave Jupiter an option to acquire the nursing home. Boddy subsequently repudiated the validity of the July 29 option agreement with HSC.

HSC brought this action for specific performance of the July 29 option to purchase. Both parties moved for summary judgment. The trial court granted partial summary judgment to HSC, finding that the option to purchase constituted a binding contract. The trial court concluded, however, that the merger clause in the Lease Agreement of August 8, 1980 extinguished the option to purchase, and granted partial summary judgment to Boddy on this issue. Both parties have appealed. We affirm the judgment of the trial court.

1. In case no. 44664 Boddy complains that the trial court erred in not granting him total summary judgment on the ground that the purported option contract of July 29, 1980 is, as a matter of law, legally insufficient. Since we agree with the trial court's ruling that the option contract of July 29 merged into the Lease Agreement of August 8, see Division 2, infra, we assume without deciding that the July 29 option was a binding contract.

2. Case no. 44663. HSC maintains that the trial court erred in holding that the merger clause in the August 8 Lease Agreement extinguished the option to purchase in the July 29 Agreement to Lease

and Option. HSC argues that the trial court failed to distinguish the significant differences between a right of first refusal and an option to purchase, as illustrated in the case of *Shiver v. Benton,* 251 Ga. 284 (304 SE2d 903) (1983). HSC points out that while the characteristics of the right of first refusal and option to purchase, as they exist in this case, are distinctive, they are neither duplicative nor in conflict. Therefore, it was error to conclude that the right of first refusal superseded the option to purchase.

The issue is not, however, whether as a matter of law an option to purchase may legally co-exist with a right of first refusal in the same or successive agreements. The issue in this case is whether the parties intended for the right of first refusal, together with the merger clause of the August 8 Lease Agreement, to supersede the option to purchase contract of July 29. Where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. *DeLong v. Cobb,* 215 Ga. 500, 504 (111 SE2d 89) (1959); *Hartramph v. Citizens &c. Realty Investors,* 157 Ga. App. 879, 882 (278 SE2d 750) (1981). The merger clause contained in paragraph twenty-seven of the August 8 Lease Agreement indicates conclusively that the parties intended this contract to be the final agreement between them, superceding all prior agreements.

"The rational basis for the merger rule is that where parties enter into a final contract all prior negotiations, understandings, and agreements *"on the same subject"* are merged into the final contract, and are accordingly extinguished." *Holmes v. Worthey,* 159 Ga. App. 262, 267 (282 SE2d 919) (1981); 17 AmJur2d 952, Contracts, § 483. We agree with the trial court that both the right of first refusal and the option contract in this case deal with the same "subject matter": the method by which HSC may acquire ownership of Boddy's nursing home. We hold, therefore, that the trial court correctly concluded the July 29 option to purchase agreement merged into the August 8 Lease Agreement and was extinguished.

*Judgment affirmed in Case Nos. 44663 and 44664. All the Justices concur.*

DECIDED SEPTEMBER 9, 1987.

*Arnall, Golden & Gregory, Ann S. Infinger, Allen I. Hirsch,* for appellant.

*Parker, Hudson, Rainer, Dobbs & Kelly, J. Marbury Rainer,* for appellee.