46146. COLUMBUS MILLS, INC. et al. v. KAHN et al.

(377 SE2d 153)

SMITH, Justice.

This case involves a challenge to the merger of Columbus Mills, Inc., with and into Carpet Mill Store, Inc. Appellees, minority shareholders in Columbus Mills, sought to enjoin the merger and recover damages from appellants, officers and majority shareholders in both Columbus Mills and Carpet Mill Store, claiming that the offer by

Carpet Mill Store to purchase all outstanding shares of Columbus Mills for $43 in effectuation of the merger was "coercive, wrongful,. . .unfair and harmful." The trial court denied appellees' motion to enjoin, and the merger was concluded. *After the time for exercising statutory appraisal rights had ended,* appellees voluntarily surrendered their shares of stock to the surviving corporation and accepted the $43 per share offered pursuant to the plan of merger. The trial court granted appellants' subsequent motion for summary judgment on the remaining issue of damages, holding that since appellees had voluntarily surrendered their shares for the amount offered by appellants, they could not thereafter attack the merger in an attempt to get more money. The Court of Appeals reversed the trial court, holding that the appellees had neither ratified nor acquiesced in the plan of merger when they accepted the benefits of the merger, but had rather only mitigated their damages. *Kahn v. Columbus Mills,* 188 Ga. App. 90 (371 SE2d 908) (1988). We reverse.

1. Appellees claim that appellants wrongly used positions of control over company assets to force the merger and that the price offered for the shares was "grossly inadequate." This case is controlled by OCGA § 14-2-251, which sets out in great detail the procedure to be followed by dissenting shareholders in presenting demands for payment. OCGA § 14-2-251 offers the remedy in this case.

In pursuing their claim, appellees had three choices under Georgia's dissenting shareholders statute: to follow the procedure outlined in OCGA § 14-2-251 for exercising dissenting shareholders' rights; to bring a separate action for relief if fraud or misrepresentation was involved, OCGA § 14-2-251 (j); or to accept the offered price.

We need not address the question of whether a separate action must be primarily an action at equity since appellees' action is not an equity action. Any such claim by appellees was abandoned when appellees failed to appeal the denial of their motion to enjoin the merger. Appellees had every opportunity to exercise their appraisal rights under OCGA § 14-2-251, but instead they chose to tender their shares at the offered price and accept the benefit of the merger, thereby abandoning their statutory rights and ratifying and acquiescing in the plan of merger. *Bloodworth v. Bloodworth,* 225 Ga. 379 (169 SE2d 150) (1969).

2. We agree with the trial court's reliance on the long-established doctrine in Georgia law that a party who has voluntarily accepted the benefits of a corporate act is estopped from thereafter attacking that act. *Bloodworth,* supra. Appellees were minority shareholders who were initially dissatisfied with the price offered for their shares. They sought to enjoin the merger, but when they were unsuccessful, they voluntarily surrendered their shares for cash without appealing the trial court's refusal to enjoin the merger. Having voluntarily accepted

cash in exchange for their shares, appellees cannot now attack the very corporate act which authorized the transaction.

3. When exercising the right of appraisal under OCGA § 14-2-251, a shareholder may be awarded an amount for his shares greater than that offered by the corporation; however, he may also receive less than the offer. OCGA §§ 14-2-251 (d) and (g) (4). If the shareholder is awarded a significant increase in the share price, then he may recover costs and attorney fees; however, if the court determines that the shareholder's refusal of the offer was in bad faith, then the shareholder may be assessed the corporation's costs. OCGA § 14-2-251 (g) (7). Whether the fair price of the shares is found to be more or less than that offered by the corporation, the dissenting shareholder does not receive any payment until the appraisal proceeding is complete. OCGA § 14-2-251 (g) (8).

OCGA § 14-2-251 was carefully constructed to provide for fairness both to the shareholder with a genuine complaint and to the corporation which has acted in good faith. If appellees are allowed to maintain their present action, the viability of OCGA § 14-2-251 will be destroyed. Future dissenting shareholders would be able to circumvent the risks of receiving a lower price or having costs assessed inherent in the protective mechanisms of OCGA § 14-2-251 by simply maintaining a separate legal action. Furthermore, these dissatisfied shareholders would be able to immediately enjoy the benefits of the consideration paid without having to wait for the results of their legal actions. Such a result is avoided when all dissenting shareholders are required to follow the procedures of OCGA § 14-2-251. Appellees in this case would run with the hare and the hounds waiting to join the victor. This they cannot do.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 15, 1989.

*King & Spalding, Frank C. Jones, Nolan C. Leake, David F. Guldenschuh,* for appellants.

*Burnside, Wall & Daniel, Thomas R. Burnside, Jr.,* for appellees.

*Powell, Goldstein, Frazer & Murphy, Elliott Goldstein, John T. Marshall, David S. Baker, Thomas S. Richey,* amicus curiae.