A91A0997. McDOWELL v. LACKEY.
(408 SE2d 481)

BIRDSONG, Presiding Judge.

This interlocutory appeal is from the order of the trial court denying appellant's motion for summary judgment. We granted application for review on the issue of whether the release executed by appellee/plaintiff and his wife precluded him from asserting against appellant/defendant any cause of action arising out of the incident at issue.

Appellant's car slid off the road. Appellee, a certified emergency medical technician, went to appellant's aid; while talking to and attempting to comfort appellant, appellee was struck by a skidding car driven by a third party. Appellee and his wife for valuable consideration executed a settlement agreement with the insurance company of the third party, and thereafter initiated suit against appellant averring a cause of action based on the Georgia rescue doctrine.

The release, captioned in bold letters "RELEASE OF ALL CLAIMS," pertinently provides: "We [appellee and his wife] . . . *release* and forever discharge [the named third-party driver] and *any other person* . . . charged or chargeable with responsibility or liability . . . *from any and all claims*, demands, damages, costs, expenses, loss of services, *actions and causes of action* arising from any act or occurrence up to the present time, and particularly on account of all personal injury, disability, property damage, loss or damages of any kind sustained or that we may hereafter sustain in consequence of an accident that occurred on or about the 24th day of February, 1989, at or near 5-16 south of Augusta Avenue." (Emphasis supplied.) *Held*:

1. Within the meaning of *Posey v. Med. Center-West*, 257 Ga. 55, 59 (354 SE2d 417), appellant meets the criterion of an averred joint tortfeasor "for the purposes of the general release rule," and appellee has suffered a "single indivisible injury." Accordingly, "[a] valid re-

lease of one tortfeasor from liability for a harm, given by the injured person, does not discharge others for the same harm, unless it is agreed that it will discharge them." Id.

2. "A release is a contract itself, and principles of law applicable to contracts generally are also applicable to releases." 1 EGL (1988 rev.), Accord & Satisfaction, § 16. Thus, "[w]hether the terms of [a release] agreement are clear or ambiguous is a question of law for the court. [Cits.] Only if ambiguity remains after the Court applies the appropriate rules of construction does the parties' intent become a question . . . of fact. [Cits.]" *Driscoll v. Schuttler*, 697 FSupp. 1195, 1203 (N.D. Ga.); see *Kusuma v. Metametrix, Inc.*, 191 Ga. App. 255, 256 (2) (381 SE2d 322); compare *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308). This rule applies even though the release may be difficult to construe. *Kusuma*, supra. Accordingly while certain instances of continued ambiguity, as above discussed, regarding the scope of a general release will give rise to a question of fact (compare *Whitehead v. Cuffie*, 185 Ga. App. 351 (1) (364 SE2d 87)), the interpretation of the release generally is for the court to resolve as a question of law (OCGA § 13-2-1; *Driscoll*, supra). In interpreting the scope of releases, "[t]he cardinal rule of construction is to ascertain the intention of the parties[, and i]f that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." OCGA § 13-2-3. While the intent of the parties to the release *may* be proven by external evidence as against a third party (*Posey*, supra at 59), "[w]here the terms of a written [release] contract are clear and unambiguous, the court will look to the [release] contract alone to find the intention of the parties." *Health Svc. Centers v. Boddy*, 257 Ga. 378, 380 (359 SE2d 659). And "[a]mbiguity cannot be created merely by ingenuity of counsel." *Kusuma*, supra at 256.

We as a court interpret releases; not rewrite them. The intent of the parties is clear and unambiguous; appellant in consideration for the sum received entered a release intending the scope thereof would, at least, include a release and discharge of not only the third-party driver but of "any other person," from "any and all claims" arising, not only from any act or occurrence up to the date of the release, but in particular from all personal injuries or damages of any kind incurred as a consequence of said accident. This simple language is used in its usual and common significance. It is susceptible of only one reasonable construction: the parties intended the scope of the release would be very broad, and would specifically include "any other person" in addition to the third-party driver. Compare *Olympic Dev. Group v. American Druggists' Ins. Co.*, 175 Ga. App. 425, 428-429 (333 SE2d 622). Appellant unequivocally falls within the class of "any

other person," within the intended meaning of the release, and thus appellee has released appellant from any and all claims arising from the incident. The trial court erred in failing to grant appellant's motion for summary judgment.

*Judgment reversed. Pope and Cooper, JJ., concur.*

### ON MOTION FOR RECONSIDERATION.

Appellee contends the language in the release in this case and in *Posey v. Med. Center-West*, 257 Ga. 55 (354 SE2d 417) is identical, and that the Supreme Court held in *Posey* the release did not release any person other than the specific individual named therein.

We believe the thrust of the holding of the Supreme Court in *Posey*, supra at 59, is that the rule of law now to be followed regarding releases is: "A valid release of one tortfeasor from liability for a harm, given by the injured person, does not discharge others for the same harm, unless it is agreed that it will discharge them"; and, it reversed judgment because the lower court and this court had followed the conflicting principle of law that "a general release given to one joint tortfeasor [automatically] releases all joint tortfeasors" (Id. at 56; see generally *Posey v. Med. Center-West*, 180 Ga. App. 674 (350 SE2d 259)). The Supreme Court also added dictum to its opinion indicating that when the lower court deems it necessary in ascertaining the intent of the parties to the release such intent *"may* be proven by external evidence as against a third party." (Emphasis supplied.) *Posey*, supra, 257 Ga. at 59. However, the Supreme Court in *Posey* did not apply rules of contract construction in an attempt to determine the intent of the parties to the release; neither did they declare invalid, as applied to releases, the well-settled rule of construction that "[w]here the terms of a written [release] contract are clear and unambiguous, the court will look to the [release] contract alone to find the intention of the parties." *Health Svc. Centers v. Boddy*, 257 Ga. 378, 380 (359 SE2d 659).

*Motion for reconsideration denied.*

DECIDED JULY 2, 1991 —
RECONSIDERATION DENIED JULY 16, 1991 — ▇▇▇▇▇▇▇

*Dennis, Corry, Porter & Thornton, R. Clay Porter, Linda C. Michel*, for appellant.

*Robert P. Phillips III, Todd A. Hall*, for appellee.