A94A0643. CITADEL CORPORATION v. SUN CHEMICAL
CORPORATION et al.
(443 SE2d 489)

BIRDSONG, Presiding Judge.

Citadel Corporation appeals the grant of partial summary judgment which ruled that Citadel released $531,294 in claims by signing modifications and pay application releases. Citadel also contends the trial court erred in compelling it to produce documents protected by the work product doctrine. This dispute arises out of construction contracts whereby Citadel built a manufacturing plant and administration building for the predecessor of Sun Chemical Corporation.

Fluor Daniel, Inc. ("Fluor") and Citadel entered four modifications on the contracts. Each modification provided in bold print: "This contract modification represents final release for any and all amounts due or to become due contractor for changes referred to herein. Contractor further releases all other claims, if any (except those claims previously submitted in writing in strict accordance with Part III General Terms and Part IV Special Terms of contract), for additional compensation under this contract, including without limitation any rights contractor may have for additional compensation arising out of delays or disruption of contractor's schedule as may have arisen prior to the date of this modification."

In addition, Citadel submitted monthly pay applications which provided that on receipt of payment, Citadel "does hereby . . . further remise, release and forever discharge Fluor Daniel and [Sun Chemical] . . . of and from any and all manner of claims, demands, and causes of action whatsoever against [them] which contractor . . .

may have for, upon or by reason of any matter, cause or thing whatsoever arising under or out of the contract, as of release date, except the following (none, unless noted): _____ "

Citadel contends summary judgment was improper because the parties did not intend the releases to act as general releases, because appellees waived the releases, and because there was no consideration for the releases. Appellees contend Citadel's claims are for extra compensation related to events prior to June 1990, and were concocted by Citadel after it realized in May 1990, that it would not make a profit; that the claims were for completed items for which Citadel submitted no claim in writing before executing the modifications and monthly pay application releases; and that such claims were released when Citadel executed the monthly pay application releases and modifications not later than June 1990.

Citadel contends the releases specifically release only those claims arising out of the contract as of the release date, and not those which may be made later. *Held*:

1. Citadel's motion to strike appellees' brief is denied.

2. As to standards applicable on motions for summary judgment, see *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Georgia law applies to construction of these contracts. The language in the contracts, including the releases in the modifications and monthly pay applications, is unambiguous and susceptible to only one reasonable construction. See *Foshee v. Harris*, 170 Ga. App. 394, 395 (317 SE2d 548); *R. S. Helms, Inc. v. GST Dev. Co.*, 135 Ga. App. 845, 848 (219 SE2d 458). The fact that the scope of the releases is broad does not make them ambiguous, unreasonable per se, or otherwise unenforceable. See *McDowell v. Lackey*, 200 Ga. App. 506, 508 (408 SE2d 481). The contract was a fixed price contract and alterations were made by modification. The releases in the modifications released not merely claims for changes referred to in the modifications, but "further release[d] all other claims . . . for additional compensation under this contract [*except* those claims previously submitted in writing in strict accordance with the contract]." This language is clear. It means that as each modification was executed, all claims were released except those previously made in writing. Thus, no new claims would arise except those preserved in writing in accordance with the contract terms, or specifically provided for in a new modification executed by the parties. In addition, the monthly pay applications contained releases which plainly released every other claim except those specifically noted, of which there was none. The parties obviously intended to create a simple, orderly, reliable method for handling all claims beyond the contract price. The releases prevent the raising of stale claims or constructed claims long after the event giving rise to the claims.

The contracts provide the method by which Citadel would request additional compensation: Citadel was to give Fluor written notice within five working days after the happening of any event Citadel believed might give rise to a claim, and Citadel was to give notice of intent to pursue a claim when appellees would not agree to a price increase. Citadel contends that no claim exists until that procedure is exhausted, so no claim could have been "submitted in writing" prior to its execution of the modifications. Assuming that a question might arise whether a claim might be "previously submitted in writing" if Citadel had filed notice of a possible claim within five days of the event or had filed notice of intent to file a claim, nevertheless, Citadel does not contend it filed such a notice. The testimony of its agents confirms they did not express their reservations about certain "problems" when they executed the modifications and that Citadel did not give written notice of a possible claim within five days of the happening of an event giving rise to these claims. By executing the releases, Citadel released all claims except those submitted in writing, and there was none. Under the law cited by appellant for construing releases (*Kahn v. Columbus Mills*, 188 Ga. App. 90, 91 (371 SE2d 908), rev'd on other grounds, 259 Ga. 80 (377 SE2d 153); *Creamer v. Smith*, 161 Ga. App. 312 (287 SE2d 755)), these releases were not general releases, but were specific in releasing all but those claims made in writing in accordance with the terms of the contract. Citadel argues that the releases are unreasonable if construed against it, but there is no prevailing policy against execution of a broad release such as would render it unreasonable per se. The parties intended the releases to be broad, and they specified how broad they were to be. *McDowell*, supra. The releases simply require Citadel to follow the provisions in the contract for giving notice of a possible claim within five days of the event and giving notice of intent to file a claim.

Citadel contends appellees waived the terms of the release by "negotiating" the claims after its execution of the releases. See OCGA § 13-4-4. Settlement negotiations are not admissible in evidence, and do not constitute a "waiver" of either party's claim or defense. OCGA § 24-3-37; see *Computer Communications Specialists v. Hall*, 188 Ga. App. 545 (1) (373 SE2d 630). The releases were on their faces based on ample consideration, i.e., the payment of money for performance and for the execution of the releases and monthly pay applications.

3. The trial court did not err in compelling Citadel to produce certain documents which Citadel contended were litigation work product. The work product statute is narrowly construed (*Atlantic Coast Line R. Co. v. Daugherty,* 111 Ga. App. 144 (141 SE2d 112)), and the matter lies within the trial court's discretion; we do not reverse a trial court's ruling unless it presents a clear abuse of discre-

tion, and Citadel has not pointed out any specific abuse with regard to any particular piece of evidence. We find no abuse of discretion. *Ambassador College v. Goetzke*, 244 Ga. 322, 323 (260 SE2d 27).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 17, 1994 —
RECONSIDERATION DENIED APRIL 12, 1994.

*Smith, Currie & Hancock, Charles W. Surasky, George Q. Sewell*, for appellant.

*Sprouse, Tucker & Ford, William L. Tucker, Edward M. Harris & Associates, Edward M. Harris, Vicki M. Knott, Drew, Eckl & Farnham, T. Bart Gary*, for appellees.