A94A1283. JOHNSTON v. ALMAND.
(445 SE2d 347)

BLACKBURN, Judge.

Appellee, Frances H. Almand, commenced this action against Robert M. Johnston to recover damages for Johnston's failure to pay a promissory note executed by Johnston and Almand's son-in-law, Jay Northcutt. The trial court granted summary judgment for Almand, and this appeal followed.

The record shows that prior to December 1, 1989, Johnston and Northcutt agreed to purchase and resell and/or develop a 35-acre tract of land in Brunswick, Georgia. Northcutt was responsible for raising the cash necessary to close the transaction, while Johnston would use his real estate experience and expertise to subdivide the property and sell it in parcels to interested buyers and/or for develop-

ing the property. Northcutt approached his mother-in-law, Almand, in an effort to obtain a portion of the funds needed to close the purchase of the property. Both Northcutt and Johnston spoke with Almand and her banker regarding her borrowing the needed money from her bank and lending the proceeds to Johnston and Northcutt. Prior to the closing of the subject property, Almand borrowed the money and delivered a cashier's check to Northcutt who delivered it to his attorney for deposit in an escrow account.

At the closing on December 1, 1989, both Johnston and Northcutt signed a document entitled "Agreement Between Parties" acknowledging that Almand had lent them the money for the purpose of purchasing the property and wherein both agreed to repay Almand the principal amount loaned plus interest within six months. The Agreement also provided for additional interest or profits to be paid Almand in the event the property was sold at a profit.

Neither Northcutt nor Johnston have repaid the monies owed pursuant to the Agreement Between Parties. Northcutt has filed under the Federal Bankruptcy Act for protection from creditors, including Almand, and Almand brings this suit against Johnston to recover the total amount owed her.

1. Johnston first contends the trial court erred in granting Almand's motion for summary judgment because there exist issues of material fact regarding his defense alleging fraud. We disagree.

Johnston asserts that he has no liability to Almand because he was fraudulently induced to sign the Agreement Between Parties. Specifically, Johnston contends Northcutt and his attorney represented to Johnston that the Agreement was not a promissory note, was not intended to be a promissory note, and was not enforceable as a promissory note, but rather was merely an agreement setting forth how any proceeds of the subsequent sale of the property would be distributed. Johnston does not allege, and the record does not reveal, however, that Almand in any way attempted to mislead or defraud Johnston or that Northcutt or his attorney were agents of Almand. Indeed, Johnston deposed he could not recall Almand ever providing him with false or misleading information and that he knew of no facts supporting a fraud claim against Almand. No issue of material fact exists as to Johnston's fraud defense, and summary judgment was properly granted on this issue. See *Cohen v. Northside Bank &c. Co.*, 207 Ga. App. 536 (3) (428 SE2d 354) (1993); *Davis v. Northside Realty Assoc.*, 165 Ga. App. 96 (2) (299 SE2d 186) (1983).

2. Next, Johnston contends the trial court erred in finding as a matter of law that the Agreement Between Parties was a promissory note and that the terms of said note are clear and unambiguous. This enumeration is also without merit.

(a) Johnston asserts that because the Agreement did not meet

the requirements of OCGA § 11-3-104 (the Uniform Commercial Code), it is not a promissory note and is unenforceable. We disagree. The Agreement provides in pertinent part: "Within six months (6) from the date hereof, Northcutt and Johnston shall cause to have the sum of $190,000.00 together with interest at the rate of ONE AND ONE HALF PER CENTUM (1 & 1/2%) over the PRIME RATE (as established by lender Frances Henry Almand has borrowed her funds from) to be paid back to Frances Henry Almand in full.

"In the event said property as hereinafter described has been sold for a price that is greater than the aggregate original purchase price of said property, then, in such event, Northcutt and Johnston shall IN ADDITION TO the above-state [sic] interest rate, pay over to Frances Henry Almand such sum of money as to equal a FORTY PER CENTUM (40%) annualized return on said sum of $190,000.00 pro-rated on the number of days that Northcutt and Johnston have borrowed said monies from Frances Henry Almand. This provision shall apply even after the repayment of the original sum of monies borrowed by Northcutt and Johnston from Frances Henry Almand and shall extend until the final portion of property as described in Exhibit 'A' attached hereto has been sold, OR until said 40% annualized return has been paid over to Frances Henry Almand." We find this language evinces a promissory note as it is "an unconditional contract whereby [Johnston] engages that he will pay the instrument according to its tenor." (Punctuation omitted.) *Devin Lamplighter, Ltd. v. American Gen. Finance*, 206 Ga. App. 747, 749 (426 SE2d 645) (1992); see also Black's Law Dictionary, p. 1093 (5th ed. 1979) (defining promissory note as "[a] promise or engagement, in writing, to pay a specified sum at a time therein limited, or on demand, or at sight, to a person therein named, or to his order, or bearer"). Additionally, assuming arguendo, the note fails to meet the requirements of a negotiable instrument under the UCC, it remains a contract between Almand, the payee, and Johnston, one of the makers. See *Citizens Bank of Blakely v. Hall*, 179 Ga. 662, 663 (177 SE 496) (1934); *Daniels v. Allen*, 118 Ga. App. 722, 726-727 (165 SE2d 449) (1968).

(b) "[T]he construction of [a] contract is a question of law for the court. First, if no ambiguity appears, the trial court enforces the contract according to its terms irrespective of all technical or arbitrary rules of construction. [Cits.] That is, where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. [Cit.]" *Duffett v. E & W Properties*, 208 Ga. App. 484, 486 (430 SE2d 858) (1993). We agree with the trial court and find the terms of the Agreement Between Parties clear and unambiguous, and accordingly, summary judgment was properly granted.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge*

*Harold R. Banke* concur.

DECIDED JUNE 15, 1994.

*Starkey, Land & Crowley, G. Roger Land, Michael E. Holbrook,* for appellant.

*Tito Mazzetta, Michael P. Katz, Johnny W. Mason, Jr.,* for appellee.