A94A2685. SHREVE v. WORLD CHAMPIONSHIP WRESTLING, INC. et al.

(454 SE2d 555)

BIRDSONG, Presiding Judge.

Larry Shreve a/k/a Abdullah the Butcher appeals the grant of judgment on the pleadings under OCGA § 9-11-12 (c) to World Championship Wrestling, Inc., Turner Home Entertainment International, Inc., and Turner Broadcasting Systems, Inc., on his claim for wrongful appropriation of his name and likeness. Shreve contends that the defendants wrongfully appropriated his name and likeness by making and distributing unauthorized videotapes of a wrestling match in which he participated.

Shreve contends the trial court erred by granting judgment on the pleadings because the court considered matters outside the plead-

ings and because he had filed a jury trial demand.

The record shows that Shreve quoted in his complaint from a Consent and Release he signed before participating in the match and the defendants attached to their joint answer a copy of that Consent and Release. The Consent and Release provided that in return for good and valuable consideration, the receipt and sufficiency of which was acknowledged, Shreve agreed that World Championship Wrestling would have the exclusive, worldwide right, in perpetuity, to exploit any and all recordings of all wrestling matches in which Shreve appeared on behalf of World Championship Wrestling and that World Championship Wrestling had the right to televise the match through any means known or later developed, in all manners, forms, and media. Subsequently, the defendants moved for judgment on the pleadings, contending the Consent and Release authorized distribution of the videotapes. Shreve's response to the motion contended the Consent and Release was not sufficient to authorize the use of his name and likeness. The trial court found that Shreve had no claim because he signed the Consent and Release, and granted the defendants' motion for judgment on the pleadings. *Held*:

1. Judgment on the pleadings should only be granted when the movant is clearly entitled to judgment. *Gulf American Fire &c. Co. v. Harper*, 117 Ga. App. 356 (160 SE2d 663). "For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not admitted." (Punctuation omitted.) *Seaboard Coast Line R. Co. v. Dockery*, 135 Ga. App. 540, 543 (218 SE2d 263). Although Shreve contends the lower court erred by considering the Consent and Release attached to the defendants' answer, this contention is without merit. This document was incorporated by reference in the answer and was attached as an exhibit, it was part of the pleading (OCGA § 9-11-10 (c)) and properly could be considered by the court below. As the Consent and Release clearly authorized World Championship Wrestling to use the videotapes, Shreve had no claim against the defendants. Consequently, the trial court did not err in granting the motion.

2. Shreve's contention that the motion for judgment on the pleadings should not have been granted because he demanded a jury trial is also without merit. *CM3, Inc. v. Associated Realty Investors/ Prado*, 201 Ga. App. 428, 429 (411 SE2d 320).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

Decided February 7, 1995 —
Reconsideration denied February 23, 1995 — 

*Antonio L. Thomas,* for appellant.
*Troutman Sanders, David C. Vigilante, John J. Dalton,* for appellees.