A96A0682. RICE v. HUFF et al.
(472 SE2d 140)

RUFFIN, Judge.

Sherry Rice sued Lamar Huff, Jr., individually and as an officer of Starship Enterprises of Atlanta. She claimed that while working for Starship on December 14, 1992, Huff falsely imprisoned her in his office for eight hours and attempted to sexually assault her. The trial court granted Huff summary judgment based on a release Rice signed. After examining the language of that release, we affirm the trial court's decision.

Prior to bringing this action, Rice filed a workers' compensation claim covering the December 14 incident, but the administrative law judge denied her benefits. Rather than appeal, she entered into a settlement with Starship through which she received $27,500 in exchange for the release in question. Rice released any further claim for workers' compensation benefits and agreed not to appeal the denial of benefits. The release also stated: "In further consideration for the payment of said sum . . . SHERRY L. RICE[ ] does hereby release and forever discharge STARSHIP ENTERPRISES and COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY, their successors, executors, administrators, agents, employees, servants, and assigns, all other persons, firms, or corporations liable, or who might be claimed to be liable under the workers' compensation laws of Georgia, . . . from any and all claims, demands, damages, actions, causes of action or suits of whatsoever kind or nature and particularly with relation to or in consequence of the alleged injury sustained by [Rice] on or about 12/14/92."

The standard for a grant of summary judgment is found in *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991). The moving party must "demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." Id. Rice, like many other appellants and appellees before her, erroneously cites pre-*Lau's* standards. " 'On appeals from grants of summary judgment, it is this court's function to examine the record and determine whether the allegations of the pleadings have been pierced so that no genuine issue of material fact remains. Our review is de

novo.' [Cit.]" *Stinson v. Lumpkin Lumber Co.*, 217 Ga. App. 880, 882 (1) (460 SE2d 846) (1995) (physical precedent only). Like other contracts, this release is interpreted by the court using the applicable rules of construction. *Campos v. Williams*, 217 Ga. App. 296, 298 (3) (457 SE2d 243) (1995).

1. By its unambiguous language, the release in question covers Rice's allegations of intentional tort. " '[W]here the terms of a written [release] contract are clear and unambiguous, the court will look to the [release] contract alone to find the intention of the parties.' [Cit.]" *McDowell v. Lackey*, 200 Ga. App. 506, 507 (2) (408 SE2d 481) (1991), rev'd on other grounds, 262 Ga. 185 (415 SE2d 902) (1992). This release covers "any and all claims, . . . causes of action or suits of whatsoever kind or nature . . . in consequence of the alleged injury sustained by [Rice] on or about 12/14/92." See *Darby v. Mathis*, 212 Ga. App. 444, 445 (1) (441 SE2d 905) (1994). "The fact that the scope of the [release] is broad does not make [it] ambiguous. . . ." *Citadel Corp. v. Sun Chem. Corp.*, 212 Ga. App. 875, 876 (2) (443 SE2d 489) (1994).

Contrary to Rice's argument, the principle of ejusdem generis does not apply. That principle limits the interpretation of broad language in a series, such as "all other people," to the class of the defined terms *preceding* it, such as "employees, agents, and servants." Rice seeks to turn the concept on its head and would have the general term "all other persons . . . who might be claimed to be liable under the workers' compensation laws of Georgia" to limit the foregoing specific terms "employees" and "agents." See generally *Dept. of Ed. v. Kitchens*, 193 Ga. App. 229, 231 (2) (387 SE2d 579) (1989).

While the release does refer to the workers' compensation action, it does not limit itself to that claim or to those types of damages. See *Aetna Cas. &c. Co. v. W. G. Lothridge Contracting Co.*, 163 Ga. App. 731 (296 SE2d 83) (1982). Workers' compensation benefits are released in one paragraph, and other claims are released in a separate paragraph which begins with the language, "In further consideration. . . ." If, as Rice contends, this paragraph also was intended to release workers' compensation claims, this additional language would be superfluous. "However, the law requires that in interpreting a contract we 'give a reasonable, lawful and effective meaning to all manifestations of intention by the parties rather than an interpretation which leaves a part of such manifestations unreasonable or of no effect. [Cits.]' [Cits.]" *Whitmire v. Colwell*, 159 Ga. App. 682, 683 (285 SE2d 28) (1981). This release covers the claims made in Rice's suit.

2. Huff may claim the benefit of the release because, as an employee, agent, or servant of Starship, he is named in it. Although a release discharges only those named, a description will suffice so long

as it "leaves no question of the identity of the party released." *Lackey v. McDowell,* 262 Ga. at 186, n. 3. Huff presented affidavits showing he was an employee of Starship on the date of the incident Rice describes and on the date she signed the release. Rice produced no evidence to the contrary. Her suit itself alleges Huff is the "officer" of the corporation, and thereby its agent, who assaulted her on December 14, 1992. Because Rice has pointed to no evidence countering Huff's showing that he falls under the definition of those persons covered by the release, and because we find no such evidence, the trial court properly granted Huff summary judgment. See *Lau's Corp.,* supra.

3. In an enumeration of error not addressed by our holding above, Rice contends the trial court erred by finding Huff to be covered by the policy of workers' compensation insurance issued to Starship by Companion Property and Casualty. The record reveals no such finding. If the trial court so held, that finding would be immaterial to the issue of whether the unambiguous release in question discharges Huff. See *Lackey,* 200 Ga. App. at 507 (2).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 30, 1996.

*Hazleton & Sullivan, William L. Hazleton,* for appellant.
*Wood & Perry, Jere F. Wood, Jeffrey C. Hamling,* for appellees.