A98A0423. LEWIS et al. v. TURNER BROADCASTING SYSTEM, INC. et al.

(503 SE2d 81)

Judge Harold R. Banke.

Marsha Diane Lewis and 21 other dissatisfied TBS shareholders ("appellants") instituted the underlying action to challenge the $7.5 billion merger between Turner Broadcasting System ("TBS") and Time Warner, Inc. ("Time Warner"). Appellants sued TBS, Time Warner, Tele-Communications, Inc. ("TCI"), Ted Turner, and 12 members of TBS' board of directors.

The appellants did not elect to exercise the statutory right of appraisal under OCGA § 14-2-1302 but chose to file a separate action. They alleged, inter alia, that the merger vote by the TBS board was fraudulent and violated State law as well as the TBS bylaws and articles of incorporation in that the directors who voted to approve the merger plan were "interested" or "affiliates" and required by the TBS bylaws to abstain. They contended that Turner and the controlling shareholders of TCI, as well as all the individually named defendants, breached a fiduciary duty. They also brought a derivative claim for breach of fiduciary duty for waste and usurpation of corporate opportunity.

In granting judgment on the pleadings on the fraud claim, the trial court determined that this count necessarily failed because it was not fraud "in connection with the vote approving the merger" and because the allegations for fraud lacked sufficient particularity. No appeal of that ruling on the issue of fraud was undertaken. The court also rejected the claim that the TBS board vote violated the TBS bylaws and articles of incorporation. *Held*:

1. The appellants contend that the trial court erred in granting summary judgment on their claim that the merger vote was invalid. Of the fifteen directors eligible to vote on the merger, nine abstained. The appellants claim that four of the six who voted violated the TBS bylaws in so doing because they were "interested" within the meaning of TBS bylaws.

Article XII, section 3 (c) of the TBS bylaws requires an interested director to abstain from voting.[1] According to the bylaws, "[f]or purposes of this paragraph (c), a director shall be deemed to have an interest in a matter submitted to the Board for its approval only if (i) such matter is the approval of an agreement or transaction to which the Company . . . and such director or any of his or her affiliates are parties or (ii) such director otherwise determines that he or she

---

[1] "In the event that a director has an interest either himself or herself or through his or her affiliates, in any matter submitted to the Board for its approval (an 'interested director'), such interested director shall abstain from the vote on such matter. . . ."

either directly or through his or her affiliates has an interest in the matter and advises the Board that he or she has determined to abstain from the vote on such matter."

It is undisputed that none of the four directors at issue was a party to the merger. Nor did the appellants offer any evidence that any of these four directors determined that he had "an interest in the matter and so advised the Board." On the contrary, one of the directors, Robert Shaye, testified without dispute, that each director reviewed the definition of "interested director" in the TBS bylaws and that each separately determined on his or her own whether they would be disqualified from voting by being "interested."

Nor did the appellants cite any authority which would permit the substitution of an objective standard for "interested" in place of the subjective standard plainly set forth in subsection 3 (c) (ii). Thus, the appellants failed to prove that either subsection (i) or (ii) was triggered. In the absence of evidence of a disputed material fact, the award of summary judgment was proper on this issue. OCGA § 9-11-56 (c). Compare *City of Thomasville v. Shank*, 263 Ga. 624, 625-626 (2) (437 SE2d 306) (1993).

2. The appellants contend that the trial court erred in granting the motion for judgment on the pleadings on their claim that the vote approving the merger was invalid because the voting directors were "affiliates" of an "interested" party, Turner, and were required by the TBS bylaws to abstain.

On motion for judgment on the pleadings, the trial court is required to accept all well pleaded material allegations of fact as true, but need not adopt a party's legal conclusions based on these facts. OCGA § 9-11-12 (c). *ALW Marketing v. McKinney*, 205 Ga. App. 184, 186 (1) (421 SE2d 565) (1992). In considering such motion, a trial court may properly consider exhibits attached to and incorporated in answers. *Shreve v. World Championship Wrestling*, 216 Ga. App. 387, 388 (1) (454 SE2d 555) (1995). Here, it is undisputed that the TBS bylaws, a copy of which was attached to the answer, do not define "affiliate."

Absent ambiguity, the construction of a contract is a question of law for a court. OCGA § 13-2-1. Where the words in a contract are plain and obvious, they must be given their literal meaning. *United States Fire Ins. v. Capital Ford &c.*, 257 Ga. 77, 79 (1) (355 SE2d 428) (1987). Here, the plain language at issue does not bar voting by an affiliate of Turner as the appellants assert. Instead, subsection (i) of the bylaws requires abstention only if *"such director or any of his or her affiliates are parties."* (Emphasis supplied.) This unambiguous language merely requires that a director abstain when he or one of his affiliates is a party to the transaction. See *Hunnicutt v. Southern Farm &c. Ins. Co.*, 256 Ga. 611, 612 (4) (351 SE2d 638) (1987) (con-

struction of unambiguous contract is a question of law for the court). The appellants' effort to impute the status of "affiliate" to the four directors based on their individual employment relationships with Turner is unpersuasive. A convoluted interpretation cannot be substituted for the straightforward language contained in the bylaws. *Johnston v. Almand*, 213 Ga. App. 553, 555 (2) (b) (445 SE2d 347) (1994) (when contract terms are clear and unambiguous, they must be enforced according to their terms).

3. The appellants assert that the trial court erred in granting judgment on the pleadings with respect to their claim that the premium paid to TBS Class C shareholders in connection with the merger violated TBS' articles of incorporation.

Prior to the merger, in a Joint Proxy Statement Prospective, TBS notified its shareholders of their right to dissent under OCGA § 14-2-1302.[2] Where a merger is consummated, a record shareholder is entitled to dissent from and to obtain payment of the fair market value of his shares. OCGA § 14-2-1302 (a) (1). Such dissenting shareholders, however, are precluded from challenging the corporate action creating their entitlement "unless the corporate action fails to comply with procedural requirements of this chapter or the articles of incorporation or bylaws of the corporation or the vote required to obtain approval of the corporate action was obtained by fraudulent and deceptive means, regardless of whether the shareholder has exercised dissenter's rights." OCGA § 14-2-1302 (b).

Inasmuch as the appellants' claims of fraud and violation of TBS bylaws were not viable, the appellants cannot show they had any right to collaterally attack the merger.[3] Compare *Croxton v. MSC Holding*, 227 Ga. App. 179, 181 (1) (489 SE2d 77) (1997) (individual shareholder could seek to enforce a separate employment contract). We decline to address the merits of the instant claim because it does not involve fraud or misrepresentation. *Grace Brothers v. Farley Indus.*, 264 Ga. 817, 820, n. 11 (450 SE2d 814) (1994) (" 'only "actual fraud" involving traditional notions of deception, permits collateral attack on the corporate action.' "). Thus, the statutory appraisal remedy was their exclusive remedy, notwithstanding the fact that they did not opt to pursue it. *Grace Brothers*, 264 Ga. at 821 (3). To hold otherwise would encourage future dissenting shareholders to circum-

---

[2] Although TBS stock was listed on the American Stock Exchange, Inc., a national securities exchange, the TBS directors adopted a resolution conferring dissenter's rights to common share stockholders under the provisions of OCGA § 14-2-1302 (c) (2).

[3] Appellants implicitly assert that Class C shareholders were overcompensated under the share exchange ratio, so, at bottom, appellants' claim is about money. In fact, in their reply brief, they state that an appropriate remedy would be "cancellation of Class B shares which significantly diluted the equity interest of TBS public shareholders, as well as monetary damages for such violation."

vent the statutory appraisal process to skirt the risk of receiving a lower price or having costs assessed. See *Columbus Mills v. Kahn*, 259 Ga. 80, 82 (3) (377 SE2d 153) (1989).

4. The appellants claim that the trial court erred in granting judgment on the derivative claim for waste of TBS' assets. We disagree. When the merger was consummated, their TBS stockholders' shares of TBS common stock were automatically converted into shares of Time Warner. Former shareholders have no standing to maintain a shareholders' derivative action.[4] *Grace Brothers*, 264 Ga. at 818 (1).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JUNE 10, 1998.

*Chitwood & Harley, Martin D. Chitwood, Christi C. Mobley*, for appellants.

*Troutman Sanders, John J. Dalton, James A. Lamberth*, for appellees.

---

[4] In their brief, appellants contend that this claim is asserted on behalf of TBS for damages caused by the improper actions of the Company's directors. Yet, the count is styled "Derivative Claim for Breach of Fiduciary Duty For Waste and Usurpation of Corporate Opportunity," and is plainly asserted against TBS as the style of the case indicates.