A11A2137. PIEDMONT HEALTHCARE, INC. et al. v. KOWAL.

(723 SE2d 497)

MCFADDEN, Judge.

This appeal is from a trial court's order enjoining a hospital board's decision to revoke a doctor's clinical privileges. Because the injunction was based on an erroneous interpretation of the hospital's bylaws, we reverse.

The record shows that a 17-year-old patient suffered a burn to his hand while undergoing a nasal surgical procedure performed by Dr. Keith Kowal at Piedmont Fayette Hospital. After an investigation of the incident, the hospital's Medical Executive Committee recommended that Kowal's clinical privileges be revoked. Pursuant to Kowal's request, the decision of the Medical Executive Committee was reviewed by the staff Hearing Panel, which recommended that Kowal's clinical privileges be suspended for 120 days. The hospital's Board of Directors then reviewed the matter and issued its final decision, setting aside the Hearing Panel's recommendation, affirming the original recommendation of the Medical Executive Committee and thus revoking Kowal's clinical privileges.

Kowal filed a lawsuit against Piedmont Healthcare, Inc., the hospital and its president, W. Darrell Cutts, seeking injunctive relief and damages. After a hearing, the trial court ruled that under hospital bylaws, since neither Kowal nor the Medical Executive Committee had appealed from the Hearing Panel's recommendation,

the Board "is deemed to have acquiesced in the . . . Hearing Panel's recommendation and is bound by it." Based on that ruling, the trial court entered an interlocutory injunction, rescinding the Board's final decision and reinstating the Hearing Panel's recommendation of a 120-day suspension. Piedmont Healthcare, the hospital and Cutts appeal.

1. The appellants contend that the injunction must be reversed because the trial court erred in ruling that, absent an appeal by either party, the Board acquiesced in and is bound by the Hearing Panel recommendation. We agree.

Generally, a trial court has broad discretion to grant or deny an interlocutory injunction, and its exercise of that discretion will not be disturbed on appeal "unless there was no evidence upon which to base the ruling or it was based on an erroneous interpretation of the law." (Citation omitted.) *Satilla Health Svcs. v. Bell*, 280 Ga. App. 123, 127 (633 SE2d 575) (2006). Here, the trial court's grant of the interlocutory injunction was based on an erroneous interpretation of the hospital bylaws.

Those bylaws provide that the affairs of the hospital are directed, governed and overseen by the Board. The bylaws further provide that the Board is responsible for "credentialing (appointing, reappointing and determining clinical privileges of) members of [the hospital's] medical staff. Such credentialing decisions of the Board are final[.]" The bylaws' credentialing policy sets forth the procedures for peer review of medical staff and provides, among other things, that the Hearing Panel "shall render a recommendation, accompanied by a report, which shall contain a concise statement of the basis for its recommendation." Within ten days after notice of the Hearing Panel's recommendation, either party can request an appeal, but if no such request is made, "an appeal is deemed to be waived and the Hearing Panel's report and recommendation shall be forwarded to the Board for final action."

Where the words in a corporation's bylaws are plain and obvious, they must be given their literal meaning. *Gwin v. Thunderbird Motor Hotels*, 216 Ga. 652, 658 (2) (119 SE2d 14) (1961); *Lewis v. Turner Broadcasting System*, 232 Ga. App. 831, 832-833 (2) (503 SE2d 81) (1998). Contrary to the trial court's ruling, there is nothing in the plain language of the bylaws mandating that, absent an appeal by the parties, the Board is deemed to have acquiesced in and is bound by the Hearing Panel's recommendation. Indeed, such an interpretation ignores the plain language of the bylaws establishing that the Board oversees and governs the affairs of the hospital and makes all final medical staff credentialing decisions, and that the Hearing Panel simply makes a recommendation that is forwarded to the Board.

" 'Recommendation refers to an action which is advisory in nature rather than one having any binding effect.' Black's Law Dictionary 1144 (5th Ed. 1979)." *Yarnell v. Sisters of St. Francis Health Svcs.*, 446 NE2d 359, 363 (Ind. App. 1983) (interpreting bylaw provision and finding hospital board not bound by recommendation). See generally *Taylor v. Kennestone Hosp.*, 266 Ga. App. 14 (596 SE2d 179) (2004) (noting that board rejected recommendations of medical executive committee and hearing panel and denied physician's application for reappointment). Thus, under the plain language of the bylaws, the Hearing Panel's recommendation was simply advisory and did not bind the Board. Had such a binding effect been intended, clear words to that effect could have been included in the bylaws. But since no such words appear in the bylaws, the Board, as the governing body of the hospital, was authorized to take the final credentialing action it deemed appropriate after considering the recommendation. Accordingly, the trial court abused its discretion by granting an injunction based on its erroneous legal interpretation that the Board had somehow acquiesced in and was bound by the recommendation. "A convoluted interpretation cannot be substituted for the straightforward language contained in the bylaws. [Cit.]" *Lewis*, supra at 833.

2. Because of our holding above in Division 1, we need not address the appellants' remaining arguments.

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 17, 2012 — 

*Andersen, Tate & Carr, Thomas T. Tate, Morris, Manning & Martin, Seslee S. Mattson*, for appellants.

*Allen, McCain & O'Mahony, Hunter S. Allen, Jr., Gary R. McCain, Simuel F. Doster*, for appellee.